Commonwealth, Appellant, *v.* Hynd.

Argued March 21, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

G. *Roger Markley,* Assistant District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellant.

*Richard R. Fink,* Assistant Public Defender, for appellee.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from the order of the Court of Common Pleas of Bucks County, Criminal Division, by the Commonwealth after dismissal by the court below of an indictment charging the defendant-appellee, James Hynd, with operating a motor vehicle while under the influence of intoxicating beverages, Section 1037 of The Vehicle Code.

The defendant was arrested on January 1, 1973 and charged with operating while under the influence, Section 1037 of The Vehicle Code; speeding, Section 1008 B 8 of The Vehicle Code; inconsistent address, Section 612 of The Vehicle Code and disorderly conduct, Middletown Ordinance 505.10 I.  At a summary hearing before a magistrate, the defendant after a hearing paid fines on the last three violations.  The "Under the Influence" charge was returned for action by the Grand Jury.

On April 6, 1973, he was indicted by the Grand Jury. On September 13, 1973, the defendant pleaded double jeopardy since he had already paid the fines and all the charges arose from the same incident. On September 21, 1973, the court dismissed the indictment on the ground of double jeopardy citing *Commonwealth v. Campana*, 452 Pa. 233, 304 A. 2d 432 (1973), decided on May 4, 1973. *Campana*, supra, involves the very same facts as the instant case and the Supreme Court of Pennsylvania held that the double jeopardy clauses of the United States Constitution and the Commonwealth's Rules of Civil Procedure, 18 P.S. 110 (June 6, 1973) were violated. *Campana*, supra, was appealed to the Supreme Court of the United States, which granted certiorari, and having vacated the judgments, directed the Supreme Court of Pennsylvania "to consider whether 'our judgments' were based on federal or state grounds or both."

In *Commonwealth v. Campana*, 455 Pa. 622, 314 A. 2d 854, decided January 24, 1974, the Pennsylvania Supreme Court, in a Memorandum Opinion, seemed to hold that the decision was based on its supervisory powers and not on the United States Constitution's double jeopardy clause. The Commonwealth has appealed the instant case arguing that since *Campana* was based on the court's supervisory powers that it should not be retroactive. Since the original *Campana* decision was handed down on May 4, 1973 and this incident took place on January 1, 1973, the lower court has in effect granted retroactivity to *Campana*, supra. But since the lower court opinion was handed down in September, 1973, it was using the original *Campana* case to decide the question and under the original case it was correct since that case did seem to indicate that *Campana*, supra, was based on the double jeopardy provisions of the United States Constitution.

If *Campana*, supra, is based on double jeopardy grounds it should be applied retroactively. But if it

was based merely on the supervisory powers of the Supreme Court of Pennsylvania, it should not be retroactive and the Commonwealth is correct in its contention. It appears that under the most recent *Campana* case that it is based on the supervisory powers of the court.

As Mr. Justice POMEROY wrote in his dissenting opinion in the latest *Campana case,* at pages 857-859:

"In the former plurality opinion by Mr. Justice ROBERTS, joined by Justices O'BRIEN and MANDERINO, the holding was thus stated: 'We hold that all charges resulting from the criminal "episode" of each appellant should have been consolidated at one trial and consequently the second prosecution violated the Double Jeopardy Clause of the Fifth Amendment.' 452 Pa. at 239-240, 304 A. 2d at 434. There followed a lengthy exposition of that clause in light of decisions of the Supreme Court of the United States and other authorities. The discussion mentioned the comparable clause contained in Art. 1, Section 10 of the Pennsylvania Constitution, and cast some doubt (without resolving it) on the limitation of that clause to 'capital offenses'. 452 Pa. at 243, 304 A. 2d 432. After discussion of the relative merits and demerits of the so called 'same evidence' test and 'same transaction' test used in various jurisdictions and advocated, pro and con, by various secondary authorities to determine whether a second prosecution is for the 'same offense', the Court reiterated its conclusion: 'We hold . . . that the Double Jeopardy Clause requires a prosecutor to bring, in a single proceeding, all known charges against a defendant arising from a 'single criminal episode.' (Footnote omitted.) *Id.* at 252-253, 304 A. 2d at 441 . . . .

"From the foregoing cursory review of the opinions filed in Campana, it is manifest that every member of this Court considered that the plurality opinion and the concurring opinion of Mr. Justice EAGEN, subscribed to in total by five justices, were addressed to and based

upon the Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States . . . .

"Today's addendum opinion, however, should have one result which I believe to be salutary. By its retreat to supervisory power grounds and by its refusal now to say that either the Federal Constitution or the Pennsylvania Constitution requires the result in Campana, the majority puts to rest a primary concern which I had with the earlier opinions—that this new Fifth Amendment right might be retrospectively applied. Surely an opinion which is based on 'state law determinations pursuant to our supervisory powers' and which merely overruled the then existing Pennsylvania Rule of Criminal Procedure 219 will not require any degree of retroactivity . . . . It is true, of course, that the original opinions in Campana still exist in the published reports and continue to declare a clearly-stated, albeit incorrect, principle of federal constitutional law. I assume, however, that in view of its disinclination to permit the United States Supreme Court to pass upon that decision, this Court cannot justifiably hereafter take the position that the rule of compulsory joinder set forth in Campana is compelled by the Federal Constitution. If this is correct, the problems of retroactivity will evaporate."

The order of the court below is reversed and the indictment reinstated.