## Commonwealth, Appellant, *v.* Wilson.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and

*John J. Hickton,* District Attorney, for Commonwealth, appellant.

*Stuart E. Savage,* for appellee.

OPINION BY JACOBS, J., March 31, 1975:

This is an appeal by the Commonwealth from a lower court order granting a motion to dismiss an indictment. The facts reveal that the appellee was arrested on July 19, 1972, following an altercation which resulted in the severe beating of a Pittsburgh police officer. Some two weeks later, on August 3, 1972, the appellee was found guilty by a police magistrate of the summary offense of disorderly conduct and was sentenced to pay a fine of $25.00 plus costs. Other charges including assault and battery with intent to kill, aggravated assault and battery on a police officer, and resisting arrest were held for the grand jury which returned an indictment on January 10, 1973.

It appears that the court below granted the motion to dismiss the indictment in reliance upon the decision in *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), decided on May 4, 1973, which at that time appeared to most observers to forbid on federal constitutional grounds multiple prosecutions on charges arising out of a single criminal episode. If the *Campana* decision had been based on federal constitutional grounds the retroactive application given by the lower court might well have been proper. However, on January 24, 1974, seven days before the Order of the court below, the Pennsylvania Supreme Court on remand from the United States Supreme Court[1] issued an addendum opinion[2] which stated that its earlier decision was based on its "supervisory power over state criminal proceedings. . . ."[3]

---

1. *Pennsylvania v. Campana,* 414 U.S. 808 (1973).
2. *Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1974) (addendum opinion).
3. *Id.* at 624, 314 A.2d at 855.

This Court recently held in *Commonwealth v. Hynd,* 230 Pa. Superior Ct. 114, 326 A.2d 434 (1974) that such a nonconstitutional ground compels a prospective rather than retroactive application of the decision.

The first prosecution in the instant case occurred on August 3, 1972, well before the *Campana* decision; therefore, the lower court was incorrect in dismissing the indictment.

Order reversed with a procedendo.