## Commonwealth v. Hackman

*Michael E. Riskin, Assistant District Attorney,* for Commonwealth.
*Joel H. Ziev,* for defendant.

WILLIAMS, *J.*, May 6, 1975—This matter is before the court on defendant's motion to quash the indictment charging him with aggravated assault, recklessly endangering another person, and resisting arrest.

The Commonwealth and defendant have stipulated to the following facts: On November 6, 1974, Officer Barry L. Portz of the Palmer Township Police Department, Northampton County, observed defendant's automobile traveling in excess of the speed limit. Portz stopped defendant and, while seated in his patrol car writing a speeding citation, words were exchanged. An altercation ensued and defendant was subsequently arrested for aggravated assault, recklessly endangering another person, and resisting arrest. At a prelimi-

nary hearing held on November 15, 1974, before Magistrate Walter Auch, defendant was found guilty of the speeding charge and thereafter paid a $15 fine. The remaining charges were forwarded to the Northampton County Grand Jury, whereupon a true bill was returned on all charges.

Defendant now moves to quash the indictment under the authority of section 110 of the Crimes Code of December 6, 1972, P.L. 1482 (No. 334), 18 Pa.C.S.A. §110, and Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), as amended by addendum opinion at 455 Pa. 622, 314 A. 2d 854 (1974).

Section 110 of the Crimes Code provides, in part, the following:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

"(iii) the same conduct, unless:

"(A) the offense of which the defendant was formerly convicted or acquitted and the offense for

which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil . . ."

Although there appears to be some overlapping between subsections (1) (ii) and (1) (iii),[1] the thrust of section 110 is to require the joinder of all known charges against a defendant arising from the same criminal episode in one prosecution, even if different evidence supports the charges or even if different distinct acts are involved. Thus, if multiple charges arise from the same criminal episode, only one prosecution is permissible.

In the original Campana case, decided May 4, 1973, the Supreme Court held that where multiple offenses arise from the same "act," "transaction" or "episode," all offenses must be tried in one prosecution. In the additional Campana opinion, dated January 24, 1974, the court held that its original decision was "in harmony" with section 110 of the Crimes Code.

In Campana, the court required the Commonwealth to join charges of disorderly conduct, resisting arrest, and assault on a police officer against Campana where all charges arose from a single incident involving a "tussle," first between Cam-

---

1. See Belsky, Criminal Procedure in Pennsylvania: The Pre-Trial Issue in Four Parts, 78 Dickinson L. Rev. 209 (Winter, 1973) at 296, where the author points out (in footnote 755) that subsection (1) (ii) precludes a subsequent prosecution for any offense "based on the same conduct or arising from the same criminal episode. . . ." Subsection (1) (iii), however, bars reprosecution for "the same conduct unless" the prior prosecution (1) involved proof of different facts and is for a crime intended to prevent a substantially different harm or evil (emphasis in original). The author concludes that the dual use of the term "same conduct" first without exceptions and then with exceptions is obviously a mistake.

pana and his friends, and then between Campana and two police officers. The court stated (at page 255) that Campana, who was initially acquitted of disorderly conduct, "should not have had to 'run the gantlet' for a second time on charges arising from the same criminal episode." Similarly, in the appeals of John Doe et al. and Robert King, which were consolidated with Campana's appeal, it was held that they could not be prosecuted for additional charges arising from a single criminal episode. See also Commonwealth v. Dooley, 225 Pa. Superior Ct. 454, 310 A. 2d 690 (1973), and Commonwealth v. Beam, 227 Pa. Superior Ct. 293, 324 A. 2d 549 (1974). Cf. Commonwealth v. Green 232 Pa. Superior Ct. 134, 335 A. 2d 493 (1975). In Campana, the court cited with approval the definition of "episode" as set forth in the commentary to the ABA Standards Relating to Joinder and Severance, §1.3(a). Episode is there defined as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series."

In the case at bar, defendant contends that the speeding violation and the additional charges were parts of a single criminal episode. We disagree and hold that there were actually two episodes. One episode occurred in the speeding charge and one occurred after defendant was stopped. We do not find it significant that the speeding violation might have precipitated the altercation or that both episodes occurred within a relatively short time span. We do find it significant, however, that unlike the Campana case, each occurrence involved substantially different conduct which resulted in sub-

stantially different harms or evils, and which are supported by distinct and separate evidence. Nothing turns on the circumstance that defendant was found guilty of speeding. We find no common ingredient between the two.

Moreover, defendant's reliance on Commonwealth v. Hynd, 230 Pa. Superior Ct. 114, 326 A. 2d 434 (1974), is misplaced. That case dealt with the question of retroactivity and is not factually similar. The court never decided whether appellee's drunken driving charge arose from the same episode as did the former charges of speeding, giving an inconsistent address, and disorderly conduct.

For present purposes, the definition of "episode" as found in Campana is of limited value and leaves this court competent to narrow its application and draw the instant distinction. Although we might be inclined to sustain defendant's position had this case involved charges of speeding and drunken driving or assault on a police officer and resisting arrest, we are not willing to hold that a prior prosecution upon a minor traffic offense precludes a subsequent prosecution for aggravated assault, recklessly endangering another person, and resisting arrest.

Accordingly, we enter the following

## ORDER

And now, May 6, 1975, defendant's application to quash the indictment is hereby denied and dismissed.