## Commonwealth v. Brown

*Frederick S. Wolfson, Assistant District Attorney,* for Commonwealth.

*Wiley P. Parker, Assistant Public Defender,* for defendant.

GATES, *P. J.,* August 21, 1975—About 5:30 a.m. on August 18, 1974, defendant was driving an automobile southwardly on Twelfth Street in the City of Lebanon, Pa. On Twelfth Street, near where it intersects with Willow Street, Brown struck a parked, unattended car. He failed to stop and continued southwardly on Twelfth Street until he hit another parked car where Twelfth Street intersects Woodland Street in the City of Lebanon.

Witnesses to the first collision notified the Lebanon City Police Department. Patrolman Brandt responded to the scene and spoke to the witnesses. By radio he learned of a similar accident several blocks south on Twelfth Street. This incident occurred approximately five minutes after the first. Brandt went to the scene of the second collision where he found Officer Klingler conducting the investigation. Klingler and Brandt suspected defendant was under the influence and transported him to the Lebanon City Police Station, where Officer Brandt administered a breathalyzer test. As a result of the test, both officers concluded that Brown was under the influence and he was taken, on August 18, 1974, before a district justice, where he

was charged with violating section 1037 of The Vehicle Code of April 29, 1959, P.L. 58, sec. 1037, 75 P.S. §1037.

Subsequently, on August 28, 1974, Officer Brandt issued a traffic citation to defendant for failing to stop at the scene of the Twelfth and Willow Streets accident.

On September 6, 1974, defendant entered a guilty plea to the summary offense of failing to stop at the scene of an accident involving an unattended vehicle, and immediately paid the fine and costs.

Brown was subsequently indicted for the misdemeanor offense of operating under the influence. Brown has made a timely application to dismiss the indictment based upon the Pennsylvania Crimes Code of December 6, 1972, P.L. 1068, (No. 334), sec. 1, 18 Pa. C.S.A. §110(1)(ii), and the "Campana Rule:" Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), and Commonwealth v. Campana, 455 Pa. 622, 314 A. 2d 854 (1974).

Section 110(1)(ii) of title 18, Pa. C.S.A. provides that a prosecution will be barred by a former prosecution under a different provision of the statutes or upon different facts if:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

"(i) . . .

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . ."

The Campana rule was adopted by the Pennsylvania Supreme Court pursuant to its supervisory power. In the later Campana case, at 314 A. 2d 856-57, the court observed that:

"The result this Court reached in Campana is entirely in harmony with section 110 of our Crimes Code, which became effective shortly after our decision and is now in effect. 18 Pa. S. Sec. 110 (1973) (effective June 6, 1973). Section 110 bars in described circumstances subsequent state prosecutions for 'any offense based on the same conduct or arising from the same criminal episode. . .'"

It appears to us that we must focus our attention to Mr. Brown's tipsy excursion down Twelfth Street resulting in the misdemeanor offense of operating under the influence in the vicinity of Twelfth and Woodland Streets and the summary offense of failing to stop at the scene of an accident in the vicinity of Twelfth and Willow Streets as being one criminal "episode."

We believe that it was.

While the first Campana case is no longer valid for its emphasis on the fifth amendment double jeopardy prohibitions, it is instructive in defining "same conduct" or "criminal episode." In the first Campana case, at 304 A. 2d 439, the court referred to the ABA project on "Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance," sec. 1.3 (approved draft, 1968), which defines "episode" as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series."

We are of the opinion that the instant case falls within the concept of "same criminal episode" as defined in Campana. Both offenses were commit-

ted within the jurisdiction of the Court of Common Pleas of Lebanon County. Both offenses were committed on the same date, on the same street, a few blocks apart and within minutes of each other. Officers Brandt and Klingler were aware of both incidents. Thus we conclude that the Campana rule applies, and defendant's application to dismiss is well taken. For a somewhat similar case, although reversed for other reasons, see Commonwealth v. Hynd, 230 Pa. Superior Ct. 114, 326 A. 2d 434 (1974).

### ORDER

And now, August 21, 1975, defendant's application to quash the indictment is granted.