357 A.2d 539

**COMMONWEALTH of Pennsylvania**

v.

**Foster Lee TARVER, Appellant.**

Supreme Court of Pennsylvania.

Argued May 21, 1974.

Decided May 12, 1976.

402

William H. Saye, Harrisburg, for appellant.

James G. Morgan, Jr., Deputy Dist. Atty., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

POMEROY, Justice.

The sole issue before us is whether the decision of this Court in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1963), *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) (Campana I), *on remand*, 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (Campana II), adopting the "same criminal episode" or "same transaction" test for the joinder of offenses for trial, is applicable to this case. We now hold that *Campana* is not applicable.

This is an appeal from the per curiam order of the Superior Court affirming the judgments of sentence imposed upon appellant following his convictions for aggravated robbery (ten to twenty years), unlawful carrying of firearms (one and a half to four years), and conspiracy (one to four years).[1] All of the offenses derived from the robbery of a bank in Harrisburg by the appellant and two confederates on December 2, 1968, during which a customer in the bank was shot and killed.

Tarver was indicted on a general charge of murder on December 12, 1968. On February 3, 1969, he was indicted for the other offenses. He was arraigned on and pleaded not guilty to all the charges on May 2, 1969. A month later, on June 2, 1969, Tarver changed his plea as to the murder charge from not guilty to guilty. A three judge panel thereupon conducted a degree of guilt hearing at which it was determined that the killing was murder in the first degree.

On December 12, 1969, the appellant was re-arraigned on the remaining charges, as to which he again pleaded

---

1. The sentences are to run consecutively to one another and also to a life sentence imposed upon appellant for a related murder.

not guilty and demanded a jury trial.[2]  Following a trial in February, 1970, appellant was convicted of the crimes of aggravated robbery, the firearms offense and conspiracy.  Posttrial motions were denied and judgments of sentence imposed, following which appeals were taken to the Superior Court with the result stated above.[3]  We granted allocatur, and now affirm.[4]

I.

The threshold question presented by this case is whether our decision in *Campana* should have retrospective application to proceedings, such as those here involved, which transpired before the announcement of the decision (in this case, 3½ years before).  This in turn requires an examination of the nature and purpose of the decision.

The rule espoused in *Campana* was essentially one of compulsory consolidation for trial of all charges which are based upon the same conduct or arise from the same criminal episode or transaction.  Thus the Court struck

2.  Prior to trial on these offenses, Tarver unsuccessfully moved to quash the indictments for conspiracy and aggravated robbery. The basis for this motion was that those crimes merged with the crime of murder in the first degree, because the only theory that would support the finding of murder in the first degree by the court en banc was that the killing had occurred in the course of the robbery.

   This point is not, however, pursued on appeal, and we need not consider it.  Following the initial grant of allocatur, we limited the scope of appeal to consideration of the effects of our decision in *Commonwealth v. Campana, supra.*  See n. 4, *infra.*

3.  The appellant had attempted to appeal to the Superior Court before sentencing, but that court quashed the appeals.

4.  The question to which we first asked the parties to address themselves was whether the prosecution's failure to join at one trial all charges growing out of a single occurrence served to place Tarver twice in jeopardy.  Later, on September 19, 1973 we directed the parties to argue the effect of the decision in *Commonwealth v. Campana, supra,* on this case. This case was assigned to the present writer on September 25, 1975, for the purpose of preparing an opinion expressing the views of a majority of this Court.

down successive prosecutions of the same defendant for different offenses which stemmed from the same conduct or resulted from the same criminal episode or transaction.[5] While *Campana I* was couched in terms of the requirements of the double jeopardy clause of the federal constitution, it was made clear in *Campana II* that "[t]his Court views [its] May 4, 1973 judgments in *Campana* as state law determinations pursuant to our supervisory powers." 455 Pa. at 626, 314 A.2d at 856;[6] Pa.Const. art. V, § 10.[7]

Under the practice which prevailed in Pennsylvania prior to *Campana,* the question of consolidation or severance for trial of different offenses was one for resolution by trial courts in the exercise of their discretion; there was no rule of compulsory joinder. Thus in *Commonwealth v. Banmiller,* 396 Pa. 129, 151 A.2d 480, 481 (1959), this Court said, "Consolidation or separation of indictments is a matter for the trial judge, whose conclusion will be reversed only for obvious abuse of discretion or prejudice to the defendant." (Citations omitted). See also *Commonwealth v. Patrick,* 416 Pa. 437, 445, 206

5. The *Campana* Court was not unanimous in its approach to the problem, but six justices concurred in the result reached. The opinion announcing the decision of the Court was authored by Mr. Justice ROBERTS and joined by Justices O'BRIEN and MANDERINO, 452 Pa. 233, 304 A.2d 432; Mr. Justice EAGEN wrote a concurring opinion, joined by Mr. Chief Justice JONES, 452 Pa. at 256, 304 A.2d at 451; Mr. Justice NIX filed a concurring opinion, 452 Pa. at 260, 304 A.2d at 449; Mr. Justice POMEROY filed a dissenting opinion, 452 Pa. at 263, 304 A.2d at 443.

6. In *Campana II,* all members of the Court joined in the per curiam opinion except Mr. Justice NIX, who concurred specially, 455 Pa. at 628, 314 A.2d at 857, and the present writer, who dissented, 455 Pa. at 628, 314 A.2d at 857.

7. Section 10(a) of Art. V of the Pennsylvania Constitution provides that "The Supreme Court shall exercise general supervisory and administrative authority over all the courts . . .." Section 10(c), provides in relevant part, that the Court "shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . and the administration of the courts and supervision of all officers of the judicial branch . . .."

A.2d 295, 298 (1965).[8]   *Campana* established a rule of criminal procedure which limited that discretion by requiring that all charges resulting from a criminal episode or transaction be consolidated for trial.[9]   By the same token, it changed the prior practice under Pa.R. Cr.P. to the extent that that rule had been utilized as a guide to determining when trials should be separate and when consolidated.   See n. 8, *supra.*

■   There is, of course, no obstacle in applying a procedural rule which is not constitutionally based in a manner which is prospective only.   See *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974) (opinion in support of the judgment) ; *Commonwealth v. Milliken,* 450

8.   Under Rule 219 of our Rules of Criminal Procedure, the Commonwealth is obliged to indict for murder separately from other charges.   The rule provides in relevant part:
   "(a) When murder is alleged in an indictment, no other counts may be joined in the indictment except voluntary and involuntary manslaughter.
   "(b) Two or more offenses, of any grade, other than murder, may be charged in the same indictment if they are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.   There shall be a separate count for each offense charged.
   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*
   "(d) The court, of its own motion, or on application of a party, may order separate trials of counts, grant a severance as to any defendant, or provide other appropriate relief."
   While this rule speaks in terms of indictment, it was considered also to be applicable to trials.   Thus, absent a court order to the contrary, separate indictments resulted in separate trials, and consolidated indictments resulted in consolidated trials.   See *Commonwealth v. Moore,* 463 Pa. 317, 344 A.2d 850 (1975); *Commonwealth v. Stock,* 463 Pa. 547, 345 A.2d 654 (1975); *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973).   Thus, in effect, the decision in *Campana* was an amendment or supplement to Rule 219 as it had been interpreted and utilized theretofore.

9.   We stated in *Campana II* that the result reached in *Campana I* "is entirely in harmony with section 110 of our Crimes Code, which became effective shortly after our decision and is now in effect.   18 Pa.S. § 110 (1973) (effective June 6, 1973).   Section 110 bars in described circumstances subsequent state prosecutions for 'any offense based on the same conduct or arising from the same criminal episode   .   .   .' *Id.* § 110(1)(ii)."   455 Pa. at 626–28, 314 A.2d at 856–57.

Pa. 310, 315, 300 A.2d 78 (1973); see also *Wainwright v. Stone,* 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); *Great Northern R. Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932); *Commonwealth v. Spencer,* 442 Pa. 328, 275 A.2d 299 (1971); *Commonwealth v. O'Neal,* 441 Pa. 17, 271 A.2d 497 (1970); *Commonwealth v. Scoleri,* 399 Pa. 110, 160 A.2d 215 (1960). Consistent with these decisions, the Superior Court has already held that our *Campana* rule is not applicable "to cases in which the first criminal charge has been prosecuted before the date of the *Campana* decision." *Commonwealth v. Beam,* 227 Pa.Super. 293, 298, 324 A.2d 549, 552 (1974) (allocatur denied November 7, 1974). See also *Commonwealth v. Kearse,* 233 Pa.Super. 489, 334 A.2d 720 (1975) (allocatur denied July 14, 1975); *Commonwealth v. Wilson,* 233 Pa.Super. 22, 334 A.2d 716 (1975); *Commonwealth v. Hynd,* 230 Pa.Super. 114, 326 A.2d 434 (1974). We believe that the Superior Court has been correct in this prospective application of the new supervisory rule. To hold otherwise would automatically invalidate convictions for an indeterminate period prior to May 4, 1973, the date of *Campana I,* where the trial courts had not ordered consolidated trials for offenses committed in the course of a single criminal episode or the same course of conduct.[10] In other words, we would be invalidating retrospectively the exercise of discretion theretofore properly deemed to be within the power of trial courts to exercise. As Judge Hoffman observed in *Commonwealth v. Beam, supra,* "[s]uch a result would clearly be at odds with the ends of the administration of criminal justice and should not be countenanced absent compelling reasons to the contrary." 227 Pa.Super. at 299, 324 A.2d at 553 (opinion

10. Only those convictions obtained at a second or subsequent proceeding, of course, would be invalidated. But as to those offenses the only remedy would be discharge of the defendant since any retrial would obviously be barred by *Campana* itself. This result is clearly unacceptable.

announcing decision of the court). No compelling reasons have been presented to us, and we know of none.

■ It follows that appellant is not entitled to the benefit of the new rule of criminal procedure the adoption of which followed by several years the proceedings here in question.

## II.

■ Quite apart from the considerations set forth in part I, the problem which *Campana* was designed to ameliorate is simply not present in this case. The rule there adopted was intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo successive trials for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. The new approach was thus to serve both individual and societal interests. See *Campana I*, 452 Pa. at 251–252, 94 S.Ct. 73 (plurality opinion of Mr. Justice ROBERTS); 452 Pa. at 258–259, 94 S.Ct. 73 (concurring opinion of Mr. Justice EAGEN); 452 Pa. at 262–263, 94 S.Ct. 73 (concurring opinion of Mr. Justice NIX). The rule was not intended to intrude upon situations where there is a legitimate reason for separate disposition.[11] This is such a case.

■ We need not detail again the sequence of events leading up to appellant's convictions. It is sufficient to point out that it was appellant's change of his plea from not guilty to guilty as to the murder charge which necessitated that there be two separate proceedings, for as to the other charges appellant continued to plead not guilty and demand a jury trial. Thus, we have here a situation

11. The plurality opinion recognized in *Campana I* that the rule there espoused "is subject to common sense exceptions." 452 Pa. at 250, n. 37, 304 A.2d at 440, n. 37.

where the separateness of the trials for the different offenses was brought about by the defendant himself through his different pleas in the two sets of charges. It was by his choice, not that of the state, that two separate proceedings were had to determine his guilt or innocence in charges arising from the same criminal episode. In these circumstances there is no reason in logic or policy that should prevent separate dispositions.

Order affirmed.[12]

EAGEN and MANDERINO, JJ., concur in the result.

ROBERTS, J., filed a concurring opinion in which NIX, J., joins.

O'BRIEN, J., dissents.

ROBERTS, Justice (concurring).

I agree with Part II of the majority opinion and concur in the result because appellant's own course of conduct precluded the Commonwealth from prosecuting all of the indictments in a single trial. Because the dual proceeding was necessitated by appellant's decision, he may not now argue that it was error not to try all charges together.

Thus whether *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), should be applied is not presented on these facts. Part I of the majority opinion is therefore not necessary to the resolution of the case and is dicta.

NIX, J., joins in this concurring opinion.

12. In his original brief filed with this Court appellant Tarver also raised the issue of the sufficiency of the evidence. Because, however, of the limited nature of the grant of allocatur, see n. 3, *supra*, we have not considered appellant's arguments in that regard.