396 A.2d 810

**COMMONWEALTH of Pennsylvania**

v.

**David BARTLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Jan. 24, 1979.

John P. Dohanich, Assistant Public Defender, Ambridge, for appellant.

John Lee Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This appeal raises a question concerning the application of section 110 of the Crimes Code.[1]

On the evening of August 22, 1976, appellant lost control of his automobile and it went off the road and struck a house. As a result of a police investigation of the incident, appellant was charged with reckless driving[2] and driving under the influence of alcohol.[3] The complaint containing these charges was filed on August 26, 1976. On that same day a traffic citation was issued charging appellant with operating a motor vehicle without a license.[4] A preliminary hearing was held on September 26, 1976. At this hearing[5] appellant entered a plea of guilty to operating a motor vehicle without a license and paid a fine of $60; he waived the other charges into the Court of Common Pleas for a trial by jury. An information charging appellant with driving

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 110.

2. The Vehicle Code, Act of Apr. 29, 1959, P.L. 58; §§ 1001, 1028; 75 P.S. §§ 1001, 1028, superseded, Act of June 17, 1976, P.L. 162, No. 81, § 1; 75 Pa.C.S. § 3714.

3. The Vehicle Code, Act of Apr. 29, 1959, P.L. 58, § 1037; 75 P.S. § 1037, superseded, Act of June 17, 1976, P.L. 162, No. 81, § 1; 75 Pa.C.S. § 3731.

4. The Vehicle Code, Act of Apr. 29, 1959, P.L. 58, § 601; 75 P.S. § 601, superseded, Act of June 17, 1976, P.L. 162, No. 81, § 1; 75 Pa.C.S. § 1501.

5. The record does not contain a transcript of the hearing. We rely on appellant's own statement of what occurred.

under the influence of alcohol was approved on November 1, 1976.[6] Appellant moved to quash the information on the ground that the prosecution was barred by section 110 of the Crimes Code. The lower court denied the motion to quash, and appellant was tried, convicted, and sentenced.

Section 110 of the Crimes Code provides:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense;

In denying appellant's motion to quash the information the lower court held that the bar of section 110 did not apply because the former prosecution (by citation) for operating a motor vehicle without a license and the subsequent prosecution (by information) for driving under the influence of alcohol did not arise from the "same conduct or . . . criminal episode." This was error.

■ In *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973); *addendum opinion,* 455 Pa. 622, 314 A.2d 854 (1974), the Supreme Court defined "criminal episode" as " 'an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series.' "

6. The reckless driving charge was dropped.

*Id.*, 452 Pa. at 248, 304 A.2d at 439, *quoting* ABA Standards Relating to Joinder and Severence § 1.3(a) (Commentary). Prosecution is prohibited where "the charges arise out of the same act or transaction. . . . [or] are founded on the same facts, or form or are part of a series of offenses of the same or similar character." *Id.*, 452 Pa. at 249, 304 A.2d at 439 (citations omitted). This test encompasses both summary and indictable offenses arising from the same connected series of occurrences. *Id.*, 452 Pa. at 253, 304 A.2d at 442. *See Commonwealth v. Ray,* 448 Pa. 307, 292 A.2d 410 (1972).[7]

In *Commonwealth v. Green,* 232 Pa.Super. 134, 335 A.2d 493 (1975), this court applied the *Campana* definition of "criminal episode." There, the defendant was charged with aggravated assault, possession of an instrument of crime, and possession of a prohibited offensive weapon, all as a result of a fight he had with several people. We held that all the charges arose from the same criminal episode even though the fight moved from a porch to the street, and during the fight several different people were injured at several different times. In *Commonwealth v. Beam,* 227 Pa.Super. 293, 324 A.2d 549 (1974), the defendant was about to be arrested for disorderly conduct when he assaulted the arresting officer and resisted the arrest. This court held that all the charges arose from the same criminal episode but affirmed the convictions on the ground that *Campana* should not be applied retroactively. In *Commonwealth v. Thornton,* 247 Pa.Super. 94, 371 A.2d 1343 (1977), the defendant was first charged with and convicted of violating

7. In the first *Campana* decision the Supreme Court seemed to imply that the double jeopardy clause of the United States Constitution was violated when an attempt was made to prosecute a defendant a second time for charges arising from the same incident. The United States Supreme Court vacated this judgment, *Pennsylvania v. Campana,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), and on remand the Pennsylvania Supreme Court, in an *addendum opinion,* held that its decision was not based on federal constitutional law but on its supervisory powers. It further stated that the views expressed in *Campana* regarding compulsory consolidation were in harmony with section 110 of the Crimes Code. This court has interpreted *Campana* as a decision based on the Supreme Court's supervisory powers. *See Commonwealth v. Hynd,* 230 Pa.Super. 114, 326 A.2d 434 (1974).

section 626 of the Motor Vehicle Code for allowing an unlicensed driver, his sister, to drive his car, and later charged with and convicted of involuntary manslaughter, because while driving, his sister had struck and killed a pedestrian. The defendant argued that this subsequent involuntary manslaughter prosecution was barred by the former prosecution under the Motor Vehicle Code. This court treated the offenses as arising from the same criminal episode but affirmed both convictions on the ground that the prosecution for involuntary manslaughter fit into an express exception to section 110 providing that prosecution should not be barred unless the "offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial;" we held that the offense of involuntary manslaughter was not so known since the prosecution did not learn of it until after the coroner's inquest. *See also Commonwealth v. Erisman,* 247 Pa.Super. 476, 372 A.2d 925 (1977); *Commonwealth v. Splain,* 242 Pa.Super. 503, 364 A.2d 384 (1976).

In this case the offenses of operating a motor vehicle without a license and of driving under the influence of alcohol both arose "out of the same act or transaction," *i. e.,* the automobile accident on August 22, 1976. They therefore arose "from the same criminal episode" within the meaning of section 110.

Although the lower court erred in holding that the offenses did not arise from the same criminal episode, it does not follow that we should reverse the court's order. We may affirm the order if it appears that there is a proper basis for it. *Commonwealth v. Shoatz,* 469 Pa. 545, 366 A.2d 1216 (1976); *Commonwealth v. Ditmore,* 242 Pa.Super. 248, 363 A.2d 1253 (1976).

In this case all the charges were lodged against appellant at the same time, and a hearing was held on all the charges on September 26, 1976. At this hearing appellant himself caused the charges to be separated by pleading guilty to one charge and demanding a jury trial on the other

charges. The Supreme Court was confronted with a similar situation in *Commonwealth v. Tarver*, 467 Pa. 401, 357 A.2d 539 (1976). Justice POMEROY, joined by the Chief Justice, held that *Campana* should not be applied since that would be retrospective, but then went on to say that "the problem which *Campana* was designed to ameliorate is simply not present in this case," adding:

> We need not detail again the sequence of events leading up to appellant's convictions. It is sufficient to point out that it was appellant's change of his plea from not guilty to guilty as to the murder charge which necessitated that there be two separate proceedings, for as to the other charges appellant continued to plead not guilty and demand a jury trial. Thus, we have here a situation where the separateness of the trials for the different offenses was brought about by the defendant himself through his different pleas in the two sets of charges. It was by his choice, not that of the state, that two separate proceedings were had to determine his guilt or innocence in charges arising from the same criminal episode. In these circumstances there is no reason in logic or policy that should prevent separate dispositions.

*Id.*, 467 Pa. at 408–409, 357 A.2d at 542–43.

Justice ROBERTS, concurring, joined by Justice NIX, said that "[b]ecause the dual proceeding was necessitated by appellant's decision, he may not now argue that it was error not to try all charges together." *Id.*, 467 Pa. at 409, 357 A.2d at 543. The same observations may be made here. Section 110 is intended to prevent harassment by the prosecution; it is not intended to afford a defendant with a procedural expedient to avoid a prosecution.[8] *See Common-*

---

**8.** Section 1.3(d) of the ABA Standards Relating to Joinder and Severence provides:

> (d) Entry of a plea of guilty or nolo contendere to one offense does not bar the subsequent prosecution of a related offense. A defendant may enter a plea of guilty or nolo contendere on the basis of a plea agreement in which the prosecuting attorney agreed to seek or not to oppose dismissal of other related charges or not to prosecute other potential related charges.

*wealth v. Green, supra* (defendant by silently acquiescing in the separation of the charges had waived his claim under section 110).

Affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

ABA Standards Relating to Joinder and Severence, § 1.3(d) (Approved Draft 1968).

The commentary to this section of the ABA Standards states that if the defendant pleads guilty or *nolo contendere* to one charge, he has "severed the offenses—as far as their disposition is concerned—and is in no position to complain about a subsequent trial of a related offense." ABA Standards Relating to Joinder and Severance, § 1.3(d) (Commentary).