## Commonwealth v. Bytheway

*George B. Kaufman, Assistant District Attorney,* for Commonwealth.
*Joseph B. Policicchio,* for defendant.

COFFROTH, *P.J.,* October 26, 1979—We have under advisement defendant's motion to quash the information against him on the grounds that the Commonwealth failed to consolidate for trial the offense here prosecuted (possession of controlled substance) with the offenses charged in no. 190 Criminal 1979 previously filed, all of which arose from a single episode of conduct, and that defendant's guilty plea to offenses in no. 190 is a bar to further prosecution of this case under Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973) and 455 Pa. 622, 314 A. 2d 854 (1974), and Crimes Code, 18 Pa.C.S.A. §110.[1]

## FACTS

On April 20, 1979 defendant was arrested and charged with driving under the influence, resisting arrest, and three summary traffic offenses; the case was returned to court and filed to no. 190 Criminal 1979. As a result of a plea bargain, some of

---

1.. A suppression application was withdrawn.

those charges were nol prossed and defendant pleaded guilty to the remainder.

In the course of the search of defendant's person incident to the arrest on April 20, a pill was found and seized by the officer; on the next day the pill was taken to the laboratory for testing. After it was returned, this prosecution for possession of a controlled substance was filed to no. 258 Criminal 1979.

The following is a log of relevant dates and events in the two prosecutions:

|  | No. 190 | No. 258 |
|---|---|---|
| Complaint filed | April 20, 1979 | May 9, 1979 |
| Return to Court | May 9, 1979 | June 5, 1979 |
| Information filed | June 13, 1979 | August 24, 1979 |
| Arraignment (waived) | June 25, 1979 | Sept. 4, 1979 |
| Call of Trial List | August 6, 1979 | October 1, 1979 |
| Plea entered | August 15, 1979 (guilty) | October 1, 1979 (not guilty) |
| Trial date | August 20, 1979 | October 15, 1979[2] |

## DISCUSSION

The parties agree that the offenses charged against defendant in no. 190 (driving under the influence, resisting arrest and traffic offenses) and the offense charged against him here in no. 258 for possession of a controlled substance, all occurred at the same time on April 20, 1979 and were part of the same episode of conduct. That being so, the issue is whether further proceedings in this prosecution (no. 258) are barred by defendant's guilty plea in no. 190 by Com. v. Campana, supra, and Crimes Code, section 110.

2. Defendant agreed to a continuance to the next January, 1980 trial session to allow time for this consideration of his motion to quash.

Campana:

Campana involved three consolidated appeals as follows:

(1) Defendant Campana was charged in a single prosecution with disorderly conduct, a summary offense, and several misdemeanors, all arising from a single episode of conduct; his trial and acquittal of the summary offense before the district justice barred further prosecution of the other charge.

(2) Defendants Doe et al were charged in a single prosecution with disorderly conduct, a summary offense, and several misdemeanors, all arising from a single episode of conduct; their conviction in a trial of the summary offense before the district justice barred further prosecution of the other charges.

(3) Defendant King was charged in a single prosecution with disorderly conduct, a summary offense, and several misdemeanors, all arising from a single episode of conduct; his conviction in a trial of the summary offense before the district justice barred further prosecution of the other charges.

The instant case differs factually from Campana in two respects:

(a) Defendant's initial adjudication in no. 190 was not the result of a trial and verdict of guilty or not guilty, but the result of defendant's voluntary guilty plea; and

(b) Defendant's alleged multiple offenses are not charged in a single prosecution, but in two separate prosecutions brought at different times.

Distinction (a), supra, is material. In Com. v. Robinette, 28 Somerset 149 (1973), we considered Campana and held that where defendant is charged

in a single prosecution with multiple offenses arising from a single episode and pleads guilty to one of them before the other offenses are adjudicated, such a guilty plea, as distinguished from a conviction or acquittal in a trial, is not a bar to subsequent prosecution of the other offenses. The correctness of that holding under Campana has since been confirmed: Com. v. Tarver, 467 Pa. 401, 408, 357 A. 2d 539 (1976), headnote 4. Accord: Com. v. Pesarchic, 34 Somerset 35 (1977), Shaulis, J.; contra: Com. v. Brown, 70 D. & C. 2d 66 (1975), and Com. v. Bodine, 69 D. & C. 2d 501 (1975). It is self-evident that an offense disposed of by guilty plea cannot be consolidated for trial with any other offense and that that consequence has been brought about by defendant's voluntary action, not by any failure of the Commonwealth. As stated in Tarver, supra, at 408-9:

"We need not detail again the sequence of events leading up to appellant's convictions. It is sufficient to point out that it was appellant's change of his plea from not guilty to guilty as to the murder charge which necessitated that there be two separate proceedings, for as to the other charges appellant continued to plead not guilty and demand a jury trial. Thus, we have here a situation where the separateness of the trials for the different offenses was brought about by the defendant himself through his different pleas in the two sets of charges. It was by his choice, not that of the state, that two separate proceedings were had to determine his guilt or innocence in charges arising from the same criminal episode. In these circumstances there is no reason in logic or policy that should prevent separate dispositions."

By his voluntary plea, defendant has in effect severed the offense to which he has pleaded guilty from other offenses which must be tried, Robinette, supra, 153, and to allow all subsequent prosecutions to be defeated by a guilty plea to one of them offers defendant an unjustified means of escaping his responsibility under the criminal law, Robinette, supra, 152-3. As stated in Com. v. Bartley, 262 Pa. Superior Ct. 390, 396 A. 2d 810, 813 (1979), the law ". . . is not intended to afford a defendant with a procedural expedient to avoid a prosecution." Accordingly, defendant's contention that the instant prosecution is barred by his guilty plea in no. 190 has no support in Campana, unless the fact of separately filed prosecutions, distinction (b), above, alters the case. Campana did not clearly · deal with that situation.

It is impossible to be certain about the rationale of Campana because none of its three opinions obtained majority approval. It is clear, however, that all of the justices were agreed on one thing: an accused may not be subjected to more than one *trial* for known multiple offenses arising from a single episode of conduct, relying heavily on section 1.07 of the American Law Institute's Model Penal Code (Proposed Official Draft 1962) to that effect. Campana, at 247-8 (Roberts, J., for 3 Justices), at 262 (Nix, J.), and at 270-71 (Pomeroy, J.). As stated in Tarver, supra, at 408:

"Quite apart from the considerations set forth in part I, the problem which Campana was designed to ameliorate is simply not present in this case. The rule there adopted was intended both to protect a person accused of crimes from governmental harassment by forcing him to undergo *successive*

*trials* for offenses stemming from the same event, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. The new approach was thus to serve both individual and societal interests." (Emphasis supplied.)

In Robinette, supra, we similarly stated at p. 153, that ". . . the Campana rule is unrelated to double convictions or double punishment; its purpose is only to prohibit double or successive or repeated trial which is eliminated as a consideration with respect to offenses pleaded to."

There is a bit of language in Justice Roberts' opinion in Campana which seems aimed at prohibiting separate *prosecutions* as distinguished from separate *trials* of single episode offenses; he states at 252-53: "We hold, in light of the persuasive authority discussed above, that the Double Jeopardy Clause requires a prosecutor to bring, *in a single proceeding,* all known charges against a defendant arising from a 'single criminal episode.'" (Emphasis supplied.) But it is clear from the remainder of his opinion that the "single proceeding" he is talking about is a *single trial,* not that all known charges be simultaneously filed. Moreover, immediately following the sentence above quoted is the reference to footnote 41 which refers to the text of the opinion following footnote 32, and that text emphasizes the prohibition on *"multiple trials";* finally, at the beginning of the Roberts opinion, at p. 240, he states the holding of the court that all single episode offenses "should have been consolidated at one trial." Campana is not concerned with successively filed complaints, but with successive trials; Tarver, supra, also involved two separate prosecutions and held that a guilty plea in the first was no bar to prosecution of the different offenses charged

in the second prosecution, without particular mention of the fact that the prosecutions were separately filed. The Superior Court has since held that Campana applies only to successive trials, not to preliminary or pretrial proceedings: Com. v. Smith, 232 Pa. Superior Ct. 546, 334 A. 2d 741 (1975), headnote 9, allocatur refused, 232 Pa. Superior Ct. xxxi; Com. v. Flanders, 247 Pa. Superior Ct. 41, 45, 371 A. 2d 1316 (1977).

We should note, however, that the later filing of this drug prosecution was justified because the arresting officer did not obtain his probable cause until the laboratory report was returned, after No. 190 had been filed. See Com. v. Thornton, 247 Pa. Superior Ct. 94, 371 A. 2d 1343 (1977); Com. v. Peluso, 240 Pa. Superior Ct. 330, 361 A. 2d 852 (1976); compare Com. v. Antram (No. 3), 38 Somerset 52 (1979), and In Re Lamberson, 38 Somerset 396 (1979), both dealing with delayed filing of traffic citations in order to establish probable cause.

There is nothing in Campana to support defendant's motion to quash.

*Crimes Code §110:*

The problem of single episode offenses is now governed by the Crimes Code, enacted December 6, 1972, effective June 6, 1973 shortly after Campana was decided on May 4, 1973. Code section 109 is entitled: "When prosecution barred by former prosecution for the same offense," and section 110 invoked here by defense counsel is entitled: "When prosecution barred by former prosecution for different offense." Obviously, we are primarily concerned with section 110.

Code section 110 is a more comprehensive statement of the rules applicable to single episode offenses than Campana is. Nevertheless it appears to be the general consensus, not contested here, that

Campana rights are measured by section 110. As stated in Campana II, 455 Pa. at 626: "The result this Court reached in Campana is entirely in harmony with section 110 of our Crimes Code." In Com. v. Erisman, 247 Pa. Superior Ct. 476, 372 A. 2d 925 (1977), the Superior Court discusses the point, at p. 477, fn.*, and concludes that ". . . the Supreme Court intended the Campana rule to be implemented by section 110." See also Commonwealth v. Campana and section 110 of the Crimes Code: Fraternal Twins, 35 U.Pitt.L.R. 275 (1973).

Code section 110 provides in relevant part as follows:

"§ 110. When prosecution barred by former prosecution for different offense

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances: (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for: (i) any offense of which the defendant could have been convicted on the first prosecution; (ii) any offense based on the same conduct or *arising from the same criminal episode,* if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or (iii) the same conduct, unless: (A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining

each of such offenses is intended to prevent a sub-
stantially different harm or evil; or (B) the second
offense was not consummated when the former
trial began." (Emphasis supplied.)

Our chief focus must be on subsection (ii), supra,
which deals with single episode cases.

We first note that section 110 deals only with the
effect of a "former prosecution;" that language
suggests that the section has no application where
all single episode offenses are brought in a single
proceeding (prosecution). But that cannot be true if
section 110 and Campana in which two of the ap-
peals (Doe and King) involved only a single proceed-
ing, are to be equated. We have already concluded
that the "proceedings" or "prosecutions" which
Campana is aimed at are successive trials, not suc-
cessively filed complaints; we see the same essence
in section 110(1)(ii), supra, which speaks of the
"first trial" in relation to single episode cases,
rather than *first* or *former* prosecution, and we
think that it should be so construed. This conclu-
sion is reinforced by the fact that section 110(1)(ii)
mandates joinder only of offenses "known to the
appropriate prosecuting officer *at the time of the
commencement of the first trial* . . ." (emphasis
supplied); obviously that subsection contemplates
that the former adjudication which will bar sub-
sequent proceedings on other offenses must occur
in a prior trial without regard to whether all single
episode offenses were brought in a single prosecu-
tion or in multiple prosecutions. See Com. v.
Holmes, 480 Pa. 536, 391 A. 2d 1015 (1978), in
which the complaints were successively filed, a fact
given no particular significance in the opinion, and
Com. v. Davis, 247 Pa. Superior Ct. 450, 454, 372
A. 2d 912 (1977), a post-section 110 decision hold-
ing that the single episode, single trial rule does not

42

apply to preliminary or pretrial proceedings, following Com. v. Smith, supra.

Our next problem is whether section 110 alters the holdings of Tarver, Robinette and Pesarchic, supra, that a guilty plea to less than all single episode offenses is not a bar to prosecution of the offenses to which defendant pleads not guilty. Section 110(1) states that "an acquittal or . . . . a conviction as defined in section 109" bars a subsequent prosecution of the types listed in subsections (i), (ii) and (iii). Under section 109(3) a "conviction" includes "a plea of guilty accepted by the court," suggesting that such a plea will bar subsequent proceedings. That suggestion is valid under subsections (i) and (iii) where the word "conviction" is used; but it is not valid under subsection (ii) relating to single episode offenses where the word "conviction" does not appear, and the text of that subsection indicates that it refers to an acquittal or conviction only in a *first trial*, not by way of guilty plea. Technical or special definitions in a statute are to be given a consistent meaning throughout, but not applied in a section or part where the defined term is not used and the context indicates that a different meaning was intended: 34 P.L.E., Statutes §146. Thus, in Com. v. Bartley, supra, the court construed section 110 and held that a plea of guilty to less than all single episode offenses was not a bar to prosecution of those to which defendant pleaded not guilty, giving continued vitality to Tarver, Robinette and Pesarchic. Compare Com. v. Weaver, 12 D. & C. 3d 364 (1979); Com. v. Wood, 106 Montg. 474 (1980).[2a]

---

2a. Language in Tarver, quoted ante at page, appears to equate trials and sentencing proceedings; we do not think the court intended to give such an unusual meaning to the word "trial" as used in section 110.

*Duty of Consolidation:*

Notwithstanding the foregoing, the defense argues that the Commonwealth had a duty to place this case and no. 190 on the August 1979 trial list for consolidated trial, under Campana and Code section 110. It is true that it is the obligation of the Commonwealth to accomplish the consolidation mandated for single episode cases, and that defendant need not seek such consolidation and may acquiesce in a trial of less than all single episode offenses without waiving his right to a consolidated trial: Com. v. Holmes, supra; Com. v. Edwards, 264 Pa. Superior Ct. 223, fn. 3, 399 A. 2d 747, 749, fn. 3 (1979). The only exceptions allowed under Campana and Code section 110(1)(ii) are (1) the offense later tried or scheduled for trial was not known to the appropriate prosecuting officer at the time of commencement of the first trial, or (2) the court having jurisdiction of all of the single episode offenses ordered separate trials. See Com. v. Hill, 479 Pa. 346, 350, 388 A. 2d 689 (1978). Neither of these exceptions is applicable here.

At the hearing, the question of whether the Commonwealth failed to exercise due diligence in placing the instant case on the August trial list was debated. Commonwealth counsel argued that the later filing of this case brought it to court too late for placement on that list with no. 190 in the course of normal procedures, but we cannot accept that assertion. In the first place, this case was returned to court on June 5 and on the same date a copy of the return was distributed by the clerk of courts to the district attorney under Local Rule 17-106(1) and the district attorney obtained it on June 8; the exhibit submitted to us by Commonwealth counsel shows June 11 as the closing or cut-off date for the June 25 arraignment list and August trial list, so

that the return of this case was in time for placement on those lists. Even if the case had been returned after the closing date, the district attorney could have sought a special arraignment date under Local Rule 50-301, in time for placement on the August trial list. See Com. v. Blough, 37 Somerset 58 (1979), and Com. v. Marple, 37 Somerset 42 (1979).[3]

Secondly, and more important, the fact that defendant voluntarily pleaded guilty in no. 190 renders nugatory the Commonwealth's obligation to schedule a consolidated trial. By definition, such a trial is then impossible as respects the offense to which defendant pleaded guilty; therfore, the issue of trial of no. 190 was then made moot. There is no issue here at all under Campana and Code section 110.

The fact that defendant's guilty plea in no. 190 was a negotiated plea, aided and abetted by the Commonwealth as part of a plea bargain approved by the Court, is immaterial; the plea nevertheless was defendant's voluntary action and had the effect of waiving his right to a consolidated trial. As stated

---

3. Pa.R.Crim.P. 303(a) states that: "Unless otherwise provided by local court rule or waived by a defendant who has counsel, or unless otherwise postponed by the court for cause shown, arraignment shall take place no later than ten (10) days after the indictment or information has been filed."

Local Rule 50-302 states that arraignment shall be held "not later than 20 days after the information is filed except that later arraignment may be scheduled for cause shown." Local Rule 50-304 requires the district attorney to give 10 days' mail notice to defendant of arraignment.

Local Rule 46-302 requires the clerk of courts to furnish to the district attorney a copy of the record as soon as practicable after it is returned to court.

in section 1.3 of ABA Standards Relating To Joinder and Severance (Approved Draft 1968), quoted in Robinette, supra, at 153:

"'Entry of a plea of guilty or nolo contendere to one offense does not bar the subsequent prosecution of a related offense. A defendant may enter a plea of guilty or nolo contendere on the basis of a plea agreement in which the prosecuting attorney agreed to seek or not to oppose dismissal of other related charges or not to prosecute other potential related charges.'"

The plea agreement in no. 190 did not encompass dismissal of the instant prosecution.

The defense contention is that *if* defendant had not pleaded guilty in no. 190, his right to a consolidated trial of no. 190 and this case *would have been violated.* That supposititious assertion is not necessarily correct. Had defendant not pleaded guilty, the Commonwealth might well have obtained a continuance of no. 190 until the October term when it and this case could have been consolidated for trial.[4] More important, there is nothing in no. 190 to be tried, and defendant's motion to quash must be evaluated on the basis of the actual present record, not on what the state of affairs would have been or might have been if defendant had not

---

4. Such a continuance would not pose any Pa.R.Crim.P. 1100 problem for trial of No. 190 during the week of October 15, the complaint having been filed April 20. Were that not the fact, the Commonwealth in order to obtain an extension of time under Rule 1100 would be required to show that No. 190 could not have been scheduled for trial in August despite due diligence. Thus it will behoove the Commonwealth in all single episode cases to exercise due diligence in placing such known offenses in position for consolidated trial.

pleaded guilty: 10 P.L.E., Criminal Law §221. It is essential that defendant demonstrate that his right was violated, not that it might have been.

## CONCLUSION

We summarize our holding here as follows:

(1) The accused has a right to a consolidated trial of all single episode offenses, except: (a) such offenses which are not known to the prosecuting officer at the time of commencement of the first trial, and (b) offenses severed for separate trial by court order, and (c) offenses severed for separate disposition by defendant's voluntary guilty plea or consent.

(2) It is the obligation of the Commonwealth, not the accused, to effect the mandated consolidation.

Defendant does not qualify for relief.

## ORDER

Now, October 26, 1979, defendant's motion to quash the information is denied. The case shall be scheduled for trial.