364 A.2d 342

COMMONWEALTH of Pennsylvania

v.

Robert Stanley MIDDLETON, Appellant.

Superior Court of Pennsylvania.

Sept. 27, 1976.

422

424

Robert S. Middleton, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's petition for post-conviction relief.

On October 21, 1970, appellant was tried before a jury and found guilty of receiving stolen goods, operating a motor vehicle while under suspension, and violating the Uniform Firearms Act, Act of June 24, 1939, P.L. 872, § 628, 18 P.S. § 4628.[1] After the jury announced its verdict, the trial judge sentenced appellant to 2½ to 5 years for receiving stolen goods, and to a consecutive sentence of 1 to 2 years on the firearms charge. Post-trial motions were filed on October 22,[2] and after argument before the trial judge were denied on July 28, 1971. An appeal was timely filed, but on October 17, 1972, the Public Defender petitioned to withdraw as counsel. The peti-

1. Appellant was also charged with armed robbery, but the trial judge sustained defense counsel's demurrer to that charge.

2. Although the post-trial motions are not listed in the docket and do not appear in the record, both briefs refer to them, and the Commonwealth describes them as *pro forma*. Appellee's brief at 4.

tion was granted and the appeal was subsequently dismissed for failure to proceed. On December 2, 1974, appellant filed a petition under the Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180-1 *et seq.*, (Supp.1975), and a counseled evidentiary hearing was held before the judge who had been the trial judge. After the judge filed his opinion and order denying the petition, appellant requested a rehearing and when that request was denied, filed the present appeal.

The notes of testimony reveal the following facts. Shortly after midnight on October 7, 1969, two police officers observed appellant driving eratically and stopped him. After handing one of the officers a registration card, appellant reached into the glove compartment and placed his hand on a revolver. The officer drew his service revolver and ordered appellant to withdraw his hand. As appellant did so, he knocked a wallet to the car floor, revealing several Series E Savings Bonds. The police subsequently discovered approximately twenty-five bonds in the name of Angelo and Robert Cerminara and forty bonds belonging to Haywood Powell. At trial, Mr. Powell testified that his home had been "robbed" on September 2, 1969, and that forty-three $25.00 government savings bonds had been taken.[3]

Appellant's brief to this court is *pro se.* In it, he alleges that the trial judge erred by pronouncing sentence prior to the filing and disposition of his post-trial motions; that the sentences he received were excessive and should not have been consecutive; that he was erroneously given separate trial for different offenses arising from the same criminal episode; and that the sentence imposed for possession of an unregistered firearm was illegal.

---

**3.** Before the trial of the present case, appellant was tried before a different judge for the theft of the Cerminara bonds. He was found guilty of armed robbery and receiving stolen goods and was sentenced to 5 to 15 years imprisonment.

I

▮ Immediately following the jury's verdict, defense counsel announced his intention to file post-trial motions. The trial judge then sentenced appellant and advised him of the necessity for filing the motions and for taking an appeal should they be denied. He added:

> In view of the fact that you have already indicated that you desire to exercise the first of these rights and that is to file a motion for a new trial, the sentence that I have just imposed will be stayed pending the disposition of your motion for a new trial. If of course your motion for a new trial should be sustained, the sentences imposed will be arrested and cancelled in effect that motion is denied and that sentence becomes effective forthwith. But you still have right then to take an appeal to the Superior Court of Pennsylvania.

N.T. 170–171.

In his opinion, the trial judge stated that the sentencing procedure he followed is "resorted to by most of the judges of this court," Opinion at 3a, going on to say:

> A sentence, however, which is stayed or its operational effect delayed does not change the status of the defendant. He remains either in jail, or, when appropriate, his bail is continued. A stayed or delayed sentence is not a final sentence and does not cut down the time for taking an appeal. What it does accomplish in a busy court is the elimination of the necessity for setting another day for sentencing and eliminating the increased frequency of defendants whose bail has been continued not appearing for sentencing.

> . . . . . . . .

> As stated before, we are experiencing more and more situations where defendants have been continued on bail after conviction, and who fail to show for sentencing. They leave the jurisdiction or secrete them-

selves to escape final sentence after learning of the post trial disposition . . . . Under these circumstances, it would appear to be sound and desirable practice to pronounce the sentence right after trial, to be effective upon disposition of post trial motions. If any of the post trial motions of a defendant are sustained, the deferred sentence as imposed can be vacated. We see nothing wrong, legally or otherwise, under such circumstances to entertain post trial motions. On the contrary, the very fact of entertaining post trial motions indicate that the sentence is not a final judgment under Rule 1123 of the Rules of Criminal Procedure.

Opinion, 3a–5a.

We cannot accept this statement; the procedure it defends ignores the policies embodied in our rules, cases and statutes.

First, the comment to Pa.C.Crim.P. 1123 states that:

Post-verdict motions must be decided before sentencing, because the appeal lies from the final Order of the trial court, which includes sentence. See Appellate Court Jurisdiction Act, 17 P.S. §§ 211.102(6), 211.202 (1), and 211.302. See also *Commonwealth v. Haimbach,* 151 Pa.Super. 581, 583, 30 A.2d 653 (1943).

Neither the comment nor the rule itself sanctions the imposition of a "stayed or delayed sentence" such as the one imposed here. Although Rule 1123 did not become effective until July, 1973, and therefore may not be applied retroactively to the sentence here, *see generally Commonwealth v. Schork,* 230 Pa.Super. 411, 326 A.2d 878 (1974), and *Commonwealth v. Beam,* 227 Pa.Super. 293, 324 A.2d 549 (1974),[4] the principle that since an appeal must be from a judgment of sentence, post-trial motions must be decided before sentencing is long-established. *See Commonwealth v. Souder,* 376 Pa. 78, 101 A.

4. SPAETH, J., filed a concurring opinion in which JACOBS and CERCONE, JJ., joined.

2d 693 (1954); *Commonwealth ex rel. Holly v. Ashe*, 368 Pa. 211, 218, 82 A.2d 244, 247 (1951); *Commonwealth v. Young*, 223 Pa.Super. 447, 448 n. 1, 302 A.2d 402, 403 n. 1 (1973);[5] *Commonwealth v. Whiting*, 205 Pa.Super. 92, 208 A.2d 1 (1965); *Commonwealth v. Haimbach, supra. See also* Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. III, § 302, 17 P.S. § 211.302. Although the trial judge characterized the sentence here as "stayed or delayed," the record fails to reveal any more (or other) "final" judgment of sentence from which an appeal might properly have been taken.

■ To be sure, as the trial judge asserts in his opinion, our courts have said that a suspended or deferred sentence is not a final judgment (and therefore is not the judgment from which an appeal must be taken). *Commonwealth ex rel. Holly v. Ashe, supra; Commonwealth v. Giovengo*, 188 Pa.Super. 220, 227 n. 1, 146 A.2d 629, 632 n. 1 (1958), *cert. denied*, 361 U.S. 843, 80 S.Ct. 94, 4 L.Ed.2d 81 (1959); *Commonwealth ex rel. Paige v. Smith*, 130 Pa.Super. 536, 541–543, 198 A. 812, 814–815 (1938). We permit the deferral or suspension of a sentence; *Commonwealth v. Giovengo, supra.* Here, however, pronouncement of sentence was not deferred pending a subsequent proceeding, as in *Giovengo*; appellant knew when he filed his post-trial motions exactly what his sentence would be.

Another aspect of the procedure followed by the trial judge requires comment: the procedure precluded the preparation of a pre-sentence report. The American Bar Association Project of Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968), emphasizes the im-

5. WATKINS, J. [now P. J.] did not participate; CERCONE, J., would affirm the judgment of the lower court. The trial judge in the present case was the trial judge in *Young*.

portance of such a report in nearly every situation. § 5.5(a) states:

> The sentencing court should be required to obtain and consider a pre-sentence report (sections 4.1–4.5) supplemented by a report of the defendant's mental, emotional, and physical condition (section 4.6) prior to the imposition of a minimum term of imprisonment (section 3.2), a consecutive sentence (section 3.4), a sentence as an habitual offender (section 3.3), or a special term based on exceptional characteristics of the defendant (sections 2.5[b], 3.1[c]).

Here, appellant received consecutive sentences; furthermore, these sentences were to follow the longer sentence imposed after the trial for the theft of the Cerminara bonds. In these circumstances, the standards require a pre-sentence report.

 The fact that the procedure followed by the trial judge precluded a pre-sentence report did not by itself render the procedure invalid, for Pa.R.Crim.P. 1403(a)(1), as of the date sentence was imposed, simply provided that "[t]he sentencing judge may, in his discretion, order a pre-sentence investigation report in any case." The fact remains that, given "the basic premises of Pennsylvania individualized sentencing," *Commonwealth v. Martin*, 466 Pa. 118, ——, 351 A.2d 650, 657 (1976), "pre-sentence reports are of obvious importance to the sentencing court," *id.* at ——, 351 A.2d at 658. Moreover, in recognition of this fact, Rule 1403 has been amended to provide that whenever a defendant is a first offender, is under 21 at the time of conviction or plea, or "where incarceration for one year or more is a possible disposition," the sentencing judge "shall place on the record his reasons for dispensing with the pre-sentence investigation report." Pa.R.Crim.P. 1403(a)(2), amended June 23, 1976, eff. Jan. 1, 1977.

■ Although the procedure followed by the trial judge (and, according to him, "resorted to by most of the judges of this court") was error, it was not reversible error. At trial, defense counsel did not object to the announcement of a sentence before post-trial motions were filed and argued. Nor did he question the sentence itself. Instead, appellant conducted the following colloquy with the judge, while his attorney remained silent:

THE DEFENDANT: I have two questions. You say total sentence is three and a half to seven years?

THE COURT: These are consecutive sentences.

THE DEFENDANT: Does that run with the five to fifteen I have now?

THE COURT: This sentence shall take effect upon the expiration of the sentence you are now serving. (N.T. 171)

Nor was any specific objection made in the post-trial motions to the judge's early imposition of sentence. Therefore, this claim of error is waived. *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972); *Commonwealth v. Bittner*, 441 Pa. 216, 272 A.2d 484 (1971); *Commonwealth v. Payton*, 431 Pa. 105, 244 A.2d 644 (1968). Appellant, who was represented by counsel throughout the lower court proceedings, has not alleged in his brief that counsel was ineffective. *Commonwealth v. Learn*, 233 Pa.Super. 288, 335 A.2d 417 (1975).

## II

In the last sentence of his *pro se* brief, appellant urges us to vacate the judgment of sentence on other grounds. He argues that "he received an excessive sentence in light of the fact that he was a first-time offender, and that sentencing him to consecutive sentences was unreasonable in that petitioner would be incarcerated long after he would have demonstrated a positive attitude toward personal reformation." Appellant's Brief at 17. Al-

though the sentence is not consistent with either the ABA Standards or our revised Rules of Criminal Procedure, *see* discussion *infra*, we find no basis for reversal here.

■ First, the sentence imposed by the trial judge was within the legal limits for each offense.[6] An aggregate sentence is not invalid simply because it is in excess of the maximum sentence permitted for each individual offense. *See Commonwealth ex rel. Strickland v. Myers,* 199 Pa.Super. 47, 184 A.2d 399 (1962), *cert. denied,* 374 U.S. 815, 83 S.Ct. 1709, 10 L.Ed.2d 1038 (1963).

■ Second, as will have been noted, appellant was convicted and sentenced under the old Penal Code and Rules of Criminal Procedure. The Act of June 25, 1937, P.L. 2093, No. 420, § 1, 19 P.S. § 897, does not restrict the trial judge's discretion in imposing consecutive sentences. Under 19 P.S. § 894, appellant's sentence could be computed "either from the date of imposition thereof or from the expiration of such other sentence or sentences as the court shall, in its discretion, direct." This court has often said that consecutive sentences are not in themselves illegal. *See Commonwealth v. Marker,* 231 Pa. Super. 471, 331 A.2d 883 (1974); *Commonwealth v. Stottlemyer,* 227 Pa.Super. 403, 322 A.2d 725 (1974); *Commonwealth v. Meise,* 225 Pa.Super. 524, 312 A.2d 48 (1973).

■■ Third, while there can be no question that a sentence will be set aside even where it is within the statutorily prescribed limits, it is "so manifestly excessive as to constitute too severe a punishment," *see Commonwealth v. Martin, supra; Commonwealth v. Green,* 396 Pa. 137, 151 A.2d 241 (1951); *Commonwealth v. Gar-*

---

**6.** The maximum sentence for receiving stolen goods, 18 P.S. § 4817 (Act of June 24, 1939, P.L. 872), was five years, and for violation of the Uniform Firearms Act, 18 P.S. § 4628, three years. The maximum sentence for armed robbery, for which appellant had been sentenced in his prior trial to a term of five to fifteen years, was twenty years (18 P.S. § 4705).

*ramone,* 307 Pa. 507, 161 A. 733 (1932); *Commonwealth v. Pouls,* 198 Pa.Super. 595, 182 A.2d 261 (1962), it is not enough simply to assert such excessiveness; the record must show it. *Commonwealth v. Shoemaker,* 226 Pa. Super. 203, 313 A.2d 342 (1973); *cf. Commonwealth v. Rollins,* 224 Pa.Super. 467, 307 A.2d 385 (1973). Thus, in *Commonwealth v. Martin, supra,* the record showed that the several sentences had been imposed pursuant to a pre-arranged plan and "reflect[ed] neither the backgrounds of the [defendants] nor the circumstances of the crime." 466 Pa. at —— n. 11, 351 A.2d at 654 n. 11. No comparable showing has been made here; excessiveness is merely alleged.

In thus concluding that the sentences imposed on appellant should not be reversed we do not imply a conclusion regarding the manner in which the trial judge's discretion to impose consecutive sentences should be exercised now; we speak only of the law as it was when the sentences were imposed.[7]

## III

Appellant's third allegation, that he was tried, found guilty, and sentenced separately for offenses arising from the same criminal episode, is also without merit. He refers us to the first decision in *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), arguing that that case was decided on double jeopardy grounds, and that it requires a prosecutor to bring all known charges arising from a single criminal episode in one proceeding. He alleges that "all the indictments arose out of the evi-

---

7. The amendment to Pa.R.Crim.P. 1403 has been discussed *ante* at page 6. *See also* Pa.R.Crim.P. 1406(a), adopted July 23, 1973, amended Mar. 21, 1975, eff. Mar. 31, 1975: "Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise." *And see generally* ABA Standards, *supra,* § 3.4.

dence that was seized during the stop and search of the petitioner's car that took place on October 7, 1969." Appellant's Brief at 15. Because we have determined that *Campana* should not be retroactively applied, we need not decide whether it was proper to try appellant separately for the Cerminara and Haywood robberies when the fruits of both crimes were discovered and seized after appellant was stopped for a motor vehicle violation. In *Commonwealth v. Beam, supra,* we said that *Campana* should not apply retroactively "[b]ecause the rule is not designed to enforce traditional double jeopardy guarantees, and since the purposes of the rule would not be served by a retroactive application of the rule . . ." *Id.,* 227 Pa.Super. at 300, 324 A.2d at 553.

There is a second reason for not holding *Campana* applicable to the present case. The decision on which appellant relies was vacated by the United States Supreme Court and remanded to the Pennsylvania Supreme Court to determine whether the judgment rested on state or federal grounds. *Pennsylvania v. Campana,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973). In *Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1974), our Supreme Court wrote: "This court views our May 4, 1973 judgments in *Campana* as state law determinations pursuant to our supervisory powers," rather than as constitutional adjudications. *Id.* at 626, 314 A.2d at 856. We said in *Commonwealth v. Hynd,* 230 Pa.Super. 114, 326 A.2d 434 (1974), that "if [*Campana*] was based merely on the supervisory powers of the Supreme Court of Pennsylvania, it should not be retroactive . . . .. It appears that under the most recent *Campana* case . . . it is based on the supervisory powers of the court." *Id.* at 114, 326 A.2d at 435. *See also Commonwealth v. Wilson,* 233 Pa.Super. 22, 334 A.2d 716 (1975); *Commonwealth v. Kloch,* 230 Pa.Super. 563, 327 A.2d 375 (1974).

## IV

▮▮▮ Finally, appellant claims that he should not have received a sentence for possession of an unregistered firearm because "where the same proof establishes both armed robbery and the use of a firearm, only one offense is committed and punishment may be only on one charge, namely the more serious offense of armed robbery." Appellant's Brief at 17. This claim, too, must be rejected. While appellant may be correct that he may not be punished for both armed robbery and use of a firearm in connection with that robbery, *see Commonwealth v. Lee*, 454 Pa. 526, 533–34, 312 A.2d 391, 395 (1973) (concurring opinion by EAGEN, J.), that rule avails him nothing here, for two reasons. First, the charge of armed robbery was demurred to and the demurrer sustained; thus appellant was not convicted of or sentenced for armed robbery. Second, the firearms charge was for violation, not of 18 P.S. § 4628(b) ("Crimes committed with firearms"), but rather of § 4628(e) ("Firearms not to be carried without a license; exceptions"). Even if appellant had been convicted of and sentenced for armed robbery, additional sentence for possession of an unlicensed firearm would have been proper. *Commonwealth ex rel. Curry v. Myers*, 195 Pa.Super. 480, 486, 171 A.2d 792, 795 (1961).[8]

The order of the lower court denying appellant's petition for post-conviction relief is affirmed.

JACOBS, PRICE and VAN der VOORT, JJ., concur in the result.

---

8. The Commonwealth asserts that appellant's claim of double punishment was not raised below and is therefore waived under *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Since appellant's claim fails for the reasons stated above this question need not be addressed here. Furthermore, it should be noted that the Commonwealth's assertion is not in accord with *Commonwealth v. Walker*, —— Pa. ——, 362 A.2d 227 (filed July 6, 1976).