371 A.2d 1025

**COMMONWEALTH of Pennsylvania**

**v.**

**Brian SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided March 31, 1977.

Peter J. Webby, Assistant Public Defender, Wilkes-Barre, for appellant.

Thomas Glenn, Jr., Assistant District Attorney, and Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

38

PER CURIAM:

On February 10, 1976, the appellant, Brian Smith, entered a plea of guilty to three counts of burglary.[1] Subsequently, the trial court imposed a sentence of two to four years in the county prison. This appeal followed.

Appellant's sole contention is that, under the circumstances, the sentence was harsh and cruel. In support of this position appellant directs our attention to the following facts: (1) He is eighteen years of age and still in high school; (2) He has no prior adult record; (3) He has cooperated with the authorities; and (4) There was no violence involved in any of the burglaries.

It must be emphasized that appellant does not contend that the sentencing judge neglected to take into consideration the foregoing factors. See *Commonwealth v. Kaminski*, 244 Pa.Super. 388, 368 A.2d 776 (filed December 15, 1976). Indeed appellant neither alleges nor suggests that the judge failed to comply in any respect with the sentencing standards established in this Commonwealth.[2] Nor does appellant claim that the sentence exceeds the maximum statutory limit.[3] Rather, it is simply appellant's position that, in light of the previously mentioned circumstances, the sentence is cruel and harsh. For all intents and purposes, this is the identical argument we recently rejected in *Commonwealth v. Kaminski*, supra.

It is hornbook law that the imposition of sentence lies within the sole discretion of the sentencing judge. *Commonwealth v. Williams*, 456 Pa. 550, 317 A.2d 250 (1974). Furthermore, the broad discretion reposed in the sentencing judge will not be disturbed on appeal unless: (1) the sentence exceeds the statutorily prescribed limits; or (2) the

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3502 (1973).

2. See, e. g., The "Sentencing Code," Act of December 30, 1974, P.L. 1052, No. 345, § 1 et seq., 18 Pa.C.S. § 1301 et seq. (Supp.1976–77); and *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

3. Each count of burglary carries a potential maximum sentence of twenty years imprisonment. 18 Pa.C.S. § 1103(1) (1973).

sentence is manifestly excessive; or (3) the court's discretion was not exercised "in accordance with the applicable statutory requirements." *Commonwealth v. Martin*, supra, 351 A.2d at 658; See also *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1971); *Commonwealth v. Kaminski*, supra.

■ Instantly, the sentence was well within the statutory limits. See note 3, supra. The mitigating factors to which appellant alludes do not establish that the sentence was "manifestly excessive." See *Commonwealth v. Williams*, supra. "[W]hile the judge did impose a sentence that some might regard as 'severe,' defense counsel has not furnished us with a record warranting the conclusion that it was 'too severe.'" *Commonwealth v. Shoemaker*, 226 Pa.Super. 203, 215, 313 A.2d 342, 348 (1973); See also *Commonwealth v. Middleton*, 242 Pa.Super. 421, 364 A.2d 342 (1976). Finally, appellant does not allege—let alone establish—that the sentencing judge failed to consider either his character or the circumstances surrounding the offenses. See *Commonwealth v. Martin*, supra. Accordingly, there is no basis for concluding that the lower court abused its discretion.

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

SPAETH, Judge, dissenting:

Simply because a sentence is "well within the statutory limits" does not mean that it may not be "manifestly excessive." In Pennsylvania we have adopted the principle of indeterminate sentencing. Under that principle, the sentencing judge is given broad discretion; but he must exercise that discretion after considering "the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 658 (1976). Suppose a crime punishable by a maximum sentence of twenty years, for example, burglary. A sentence of two to five years would be "well within the statutory limits."

However, a consideration of the particular circumstances of the offense (empty building, nothing taken, no weapon used, no one threatened or endangered, no damage done) and of the character of the defendant (first offense, no attempt to flee, good job and work record, steady provider of his family) might nevertheless show that the sentence was "manifestly excessive." *Commonwealth v. Martin, supra* (by implication); *Commonwealth v. Kaminski*, 244 Pa.Super. 388, 368 A.2d 776 (filed December 15, 1976) (Dissenting opinion by SPAETH, J.).

In my opinion, contrary to the majority's, appellant here does assert that his sentence was manifestly excessive according to the *Martin* standards. The question, therefore, is whether we are able to decide whether appellant is right. In *Commonwealth v. Riggins*, 232 Pa.Super. 32, 46–48, 332 A.2d 521, 528–29 (1974), *allocatur granted*, I observed, in dissent, that to decide whether a sentencing judge has properly exercised his discretion, an appellate court must have at least a brief statement of the reasons for the sentence; I further observed that such a statement is required by Superior Court Rule 46.* Here no statement has been filed.

I would therefore remand for a statement.

HOFFMAN, J., joins in this opinion.

* Immediately upon taking his appeal, appellant shall serve notice thereof on . . . the judge who entered the order, judgment or decree below . . . . If the appeal relates to any order, judgment or decree for which the reasons do not already appear of record, the judge below shall forthwith file of record a brief statement of the reasons therefor in the form of an opinion which shall be attached to the record and printed. . . .

Appeal was filed in the present case on March 5, 1976; Rule 46 therefore applies.

Under the new Rules of Appellate Procedure the requirement is even clearer. *See* Pa.R.A.P. 1925:

*Opinion in Support of Order.*

(a) *General rule.* Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, *shall forthwith file of record at least a brief statement*, in the form of an opinion, *of the reasons for the order*, or for the rulings or other matters complained of, or

shall specify in writing the place in the record where such reasons may be found.  (Emphasis supplied.)

"Order," as used in the Rules, "[i]ncludes judgment, decision, decree, *sentence* and adjudication."   Pa.R.A.P. 102 (emphasis supplied).