## Commonwealth v. Sayko

*Robert A. Selig*, *Assistant District Attorney*, for Commonwealth.
*Arthur J. King*, *Assistant Public Defender*, for defendant.

STANZIANI, *J.*, October 19, 1978—

## SUMMARY

On May 31, 1978, defendant pled guilty before this court to indecent exposure, indecent assault, and corruption of minors. On July 7, 1978, after the preparation and consideration of a presentence investigation report, defendant was sentenced to consecutive terms of one to two years on the charge of indecent exposure, one to two years on the charge of indecent assault, and five years probation on the corruption of minors charge. A petition to withdraw guilty plea was filed on July 12, 1978, in which defendant argued that the offense of indecent exposure merged into the offense of indecent assault, thereby rendering the sentence for indecent exposure illegal. Defendant also claims that the sentence under the facts of this case was manifestly excessive and therefore illegal. This petition was denied on July 25, 1978. Defendant now appeals the denial of his petition.

## FACTS

On January 10, 1978, defendant arrived at a house in the LaMott section of Cheltenham Township to perform exterminating services for the residents. Defendant was admitted and began to spray for various insects. At this time the victim, a young girl, four years old, was downstairs observing defendant. Her mother was upstairs. Defendant approached the child, induced her to sit on his lap, and

placed his hand under her shirt and touched her chest. He then opened his trousers, exposed his genitals and had the little girl touch and play with his genitals until he ejaculated on her hand.

## ISSUES

1. Under the facts of this case, do the crimes of indecent exposure and indecent assault merge for the purposes of imposition of sentence?

2. Was the sentence imposed unduly excessive in light of the information available to the court?

## DISCUSSION

### Issue 1

Defendant contends that the crimes of indecent assault, 18 C.P.S.A. §3126,[1] and indecent exposure, 18 C.P.S.A. §3127,[2] are subject to the doctrine

---

1. "§3126. Indecent assault

"A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if: (1) he knows that the contact is offensive to the other person; (2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct; (3) he knows that the other person is unaware that an indecent contact is being committed; (4) he has substantially impaired the other person's power to appraise or control his or her conduct, by administering or employing without the knowledge of the other drugs, intoxicants or other means for the purpose of preventing resistance; or (5) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him."

2. "§3127. Indecent exposure.

"A person commits a misdemeanor of the second degree if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm."

of merger under which the conviction for indecent exposure would be considered part of the offense of indecent assault for the purposes of sentencing. Our examination of this issue reveals no cases directly on point, but it is clear that the elements of the two crimes differ significantly. Indecent assault must include the element of contact of defendant with the victim. This element was fulfilled when defendant first placed his hand under the victim's shirt and touched her chest. The crime of indecent exposure does not require contact, but only the exposure of defendant's genitals for the purpose of sexual gratification.

The doctrine of merger in Pennsylvania has long been controlled by the case of Com. ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A. 2d 920 (1941):

"The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another. . . . When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for *both*." 343 Pa. at 104 (emphasis in original). See also Com. v. Olsen, 247 Pa. Superior Ct. 513, 372 A. 2d 1207 (1977).

As noted above the elements of indecent exposure are not necessarily involved as part of the elements required for indecent assault. A defendant can commit an indecent assault by touching a victim without ever exposing his genitalia, and certainly indecent exposure can be and most commonly is, committed without contact with the victim. In the case at bar, the offense of indecent assault was

committed as soon as the defendant touched the victim's chest. The indecent exposure occurred thereafter when defendant undid his pants and exposed himself to the victim. Thus it is clear that there were two distinct acts by the defendant each of which constituted a separate offense. Accordingly, there is no merit in defendant's argument and the court properly sentenced him for both crimes.

## Issue 2

Imposition of sentence lies within the sole discretion of the trial judge: Com. v. Olsen, supra; and the imposition of consecutive sentences for multiple convictions is likewise within the discretion of the trial judge: Com. v. Norris, 248 Pa. Superior Ct. 330, 375 A. 2d 122 (1977). This broad discretion will not be disturbed unless: "(1) the sentence exceeds the statutorily prescribed limits; or (2) the sentence is manifestly excessive; or (3) the court's discretion was not exercised 'in accordance with the applicable statutory requirements.'" Citations omitted. Com. v. Smith, 247 Pa. Superior Ct. 36, 38-39, 371 A. 2d 1025 (1977).

A violation of section 3126, indecent assault, or section 3127, indecent exposure, is a second degree misdemeanor for which a sentence not exceeding two years may be imposed. Section 3125, corruption of minors, is a first degree misdemeanor punishable by a sentence of not more than five years: Act of December 6, 1972, P.L. 1482, sec. 1, 18 C.P.S.A. §106(b)(6), (7). Under the sentencing code of December 6, 1972, P.L. 1482, sec. 1354, 18 Pa.C.S.A. §1354(a), an order of probation may specify a term of supervision which may not exceed

the maximum term for which defendant could be confined. Accordingly, the consecutive sentence totalling two to four years imprisonment on the charges of indecent assault and indecent exposure and the order of five years probation on the charge of corruption of minors do not exceed the statutory maximums.

Nor is the sentence manifastly excessive in light of the circumstances of this case. Defendant has a long history of arrests for sexual crimes, some of which involved violent conduct against women. The offenses in this case were directed toward a four-year old girl. Medical and psychiatric reports indicated that hope for rehabilitation or recovery was extremely guarded. The court was completely justified in finding that defendant posed a serious danger to society and that more restrictive measures were needed to preclude further incidents of this nature. Having carefully considered the foregoing facts as required by Com. v. Riggins, 474 Pa. 115, 377 A. 2d 140 (1977), this court has determined that defendant is unlikely to respond affirmatively to additional probationary treatment unless preceded by imprisonment; that there is a substantial risk of future antisocial conduct; that defendant is in need of prolonged correctional treatment which can best be provided by commitment to an institution; and that any lesser sentence would depricate the seriousness of the offense.

Accordingly, this court finds no abuse of discretion in the imposition of defendant's sentence and concludes that it was entirely appropriate under the facts of this case.