Robert E. Boyce, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Game Commission, Appellee.

Submitted on briefs, March 5, 1979, to Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*John P. Campana*, with him *Campana & Campana*, for appellant.

*Ronald H. Skubecz*, Deputy Attorney General, with him *Gerald Gornish*, Acting Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 24, 1979:

The hunting license of Robert E. Boyce was revoked by administrative order of the Pennsylvania Game Commission following a guilty adjudication in Tioga County of charges under Section 505 of the Pennsylvania Game Law.[1] The summary conviction was appealed in the Court of Common Pleas of Tioga County where a trial de novo also resulted in a guilty verdict and the imposition of an $800 fine.

Subsequently, Boyce filed criminal court motions for new trial and an arrest of judgment. Prior to their disposition, the administrative order issued. When the administrative order was entered, Boyce challenged it in the Civil Division of the Court of Common Pleas of Lycoming County. The Lycoming County Judge promptly dismissed as moot the revocation order appeal when notified that the post-trial motions were denied by the Tioga County Trial Judge.

Because of the interplay of the criminal conviction and the administrative adjudication, we must review the legal authority of the Game Commission to revoke

---

[1] Act of June 3, 1937, P.L. 1225, *as amended*, 34 P.S. §1311.505.

hunting privileges and the effect of the applicable Pennsylvania Rules of Criminal Procedure.

Section 315(1) of the Game Law provides:

The Commission may revoke any hunter's license and deny any person the right to secure a license or to hunt or trap anywhere in this Commonwealth, with or without a license, if said licensee or person has either been *convicted* or signed an acknowledgment of violating any provision of this act. . . . (Emphasis added.)

The comment to Pennsylvania Rule of Criminal Procedure 1123, adopted June 8, 1978, instructs:

Post-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which includes sentence. See Appellate Court Jurisdiction Act, 17 P.S. §§211.102(6), 211.202(1) and 211. 302.

The comment to Pa. R.C.P. 1405 (adopted July 23, 1973) provides:

The sentencing proceeding should not take place until all post-verdict motions have been disposed of. . . .

Boyce contends the Commission was without authority to revoke because the "sentencing" was infirm in that the Tioga County trial court sentenced him prior to the filing and disposition of appropriate post-trial motions. *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975); *Commonwealth v. Middleton*, 242 Pa. Superior Ct. 421, 364 A.2d 342 (1976).

Admittedly, there was a technical sentencing irregularity in Tioga County but we must agree with Judge RAUP of Lycoming County that to sustain Boyce's appeal of the administrative revocation order would be to engage in a futile exercise of procedural tennis play. Simply put, the Game Commission would retrace its steps to reinstate revocation proceedings

in accordance with Section 315(1) and, in due course, issue its administrative order. Accordingly, we affirm Judge Raup's order dismissing Boyce's appeal.

### Order

And Now, this 24th day of July, 1979, the order of the Court of Common Pleas of Lycoming County docketed at No. 77-4087, is hereby affirmed.