419 A.2d 566

**COMMONWEALTH of Pennsylvania**

**v.**

**Rose L. KOSTKA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed March 28, 1980.

---

Mark J. Goldberg, Pittsburgh, for appellant.

Graham Showalter, District Attorney, Lewisburg, for Commonwealth, appellee.

Before SPAETH, HESTER and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division of Union County, Pennsylvania, imposed at No. 107 of 1974. The procedural history and facts relevant to the issues on appeal are as follows:

On June 17, 1974 two officers of the Borough of Lewisburg Police Department stopped a van in which appellant was a passenger due to the fact that the driver, appellant's boyfriend, made an illegal "U" turn. He became very upset as he sat in the van while the officer wrote out a citation. He suddenly bolted out of the van with a club in his hand and a struggle ensued with the officers. At first, appellant remained in the van. Later, she got out and pleaded with the officers to stop hitting the driver. When this was unsuccessful, appellant struck one officer once on the back with a nun-chukas,[1] which she picked up from the ground. Appellant then kicked the other officer as he attempted to handcuff her. She was arrested without further incident. There were no serious injuries.

Appellant was indicted on charges of violation of 18 Pa. C.S.A. § 2702(a)(2) and (a)(3), both being aggravated assault charges, but 2702(a)(2) is a felony, while 2702(a)(3) is a misdemeanor of the first degree. Appellant was found guilty by a jury of aggravated assault under Section 2702(a)(3). Appellant was sentenced on April 28, 1975 to a term of imprisonment at the Industrial Home for Women at Muncy for not less than six nor more than 24 months.

On May 23, 1975, on motion of court appointed defense counsel, the trial court amended the sentence to provide that it be served in the Union County Jail. A timely appeal from the judgment of sentence was filed to this Court. On May 13, 1976, we affirmed the judgment of sentence. A petition for allowance of appeal was filed with our Supreme Court and allocatur was granted. On October 31, 1977, the Supreme Court vacated the judgment of sentence and remand-

---

1. An instrument used in practicing the martial arts.

ed for resentencing because the "trial court failed to articulate a reason for the sentence imposed, reflecting that due consideration was given to the statutory sentencing guidelines." *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977). In discussing the matter of sentencing, the Supreme Court stated, at page 886:

"Appellant's counsel made specific reference to the provisions in the Sentencing Code which favor probation. In addition, at the sentencing modification proceeding, appellant's counsel directed the court's attention to 18 Pa. C.S.A. § 1321(b) (Supp.1977) which provides":

"In selecting from the alternatives set forth in subsection (a) of this section the court shall follow the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant."

Despite counsel's argument and the existence of the statutory sentencing guidelines, the court sentenced appellant to a minimum of six months imprisonment and possible imprisonment of nearly two years. Appellant asserts, and the record reflects, that the trial judge failed to articulate reasons for the sentence imposed reflecting "weight" was accorded the statutory guidelines for sentencing.

"By the Court: I just can't imagine this happening. I can't imagine any young person that has lived in a free society such as the United States has to offer in a violation of this kind. A simple motor vehicle violation where your friend was just served with a citation. This would have meant if he would have had any complaint it could have been handled in a very democratic way. He could have had his day in court and would not have been involved in any way other than a possible fine, more than likely. . . . And yet both you and he, not only was this a matter of complaining to law enforcement officers, this was an act of violence toward them. I just can't imagine this. And I can't under-

stand your boyfriend. That is my concern. I know very little about you. . . . The fact that you have not been involved with the law would lead me to believe that you could use your good judgment in respect to what happened on that day. I am not saying you might not have been disgusted, the fact your friend was being arrested, but to turn on a law enforcement officer is a mystery to me. And since it is, I know of no other solution but to punish you for it. I see no reason whatsoever.

I feel I have no alternative in this regard. I have to do it, because I must admit everything that has happened since this would lead me to believe Miss Kostka is not this kind of person. But, I can't imagine anyone doing this. It hasn't any sense at all.

I just can't, I don't know what you would do at some future time. I just can't. Well, I simply can't tolerate what you did . . .." (emphasis added)

As these comments indicate, the trial court did not consider the relevant statutory provisions designed to guide its discretion. Although the probation guidelines in the Sentencing Code do not exclusively control the discretion of the trial court, the Code mandates that the grounds listed be "accorded weight." 18 Pa. C.S.A. § 1322 (Supp.1977). Nowhere in the record of the sentencing proceedings does it appear that the trial court considered these grounds. Nor did the trial court consider the section of the Sentencing Code governing situations where total, as opposed to partial, confinement is appropriate. Moreover, from the discussion which does appear on the record, it seems that the trial court improperly considered the conduct of the driver, appellant's boyfriend, in imposing the sentence of total confinement upon appellant.

In *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion), this Court considered important principles guiding the imposition of sentence. In *Riggins*, we held that a trial judge must articulate the reasons for the sentence selected and enumerated the reasons favor-

ing such a requirement. Although, unlike the present case, the imposition of sentence in *Riggins* preceded the effective date of the new Sentencing Code, we there stated:

"The Legislature, in recognizing the need for sentencing guidelines, has enacted the Sentencing Code. Section 1321(a) of the Code provides for five possible dispositions–probation, guilt without further penalty, partial confinement, total confinement, and a fine. The Legislature has adopted the following basic policy to guide the trial court in imposing sentence: '[T]he sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative need of the defendant.' The Legislature has also enumerated specific factors which the trial court should consider in determining which of the five possible dispositions is appropriate for a particular defendant. These factors provide the sentencing court with guidelines for the articulation of the reasons for its sentencing decision. Absent a statement of reasons, the record will not reveal whether the legislatively mandated factors have been considered." (footnotes omitted)

Id., 474 Pa. at 134, 377 A.2d at 149–50. See generally American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968).

Here the record does not reveal whether "the legislatively mandated factors have been considered." We therefore vacate the judgment of sentence and remand the case to afford the trial court an opportunity to consider the legislatively pronounced guidelines and to resentence appellant accordingly, including in the record a statement of reasons for the sentence imposed."

Appellant was resentenced by the trial court on January 30, 1978 to a term of imprisonment of not less than 6 months nor more than 23 months in the Union County Jail. This timely appeal was filed from that judgment of sentence.

During the colloquy which took place prior to the imposition of the second sentence, the trial court stated, in part:

"In considering an order of probation, your lack of a prior criminal record places this consideration on a very high priority. As a matter of plain fact, none of the other considerations for probation as is suggested by the sentencing code, and as applied to your case, carry as much weight as your lack of a prior criminal record. And I have said this to you before. On the other hand, I believe your conduct in this instance threatened serious harm to the law enforcement officers. You not only struck one officer in the back with two wooden clubs tied together at the end with a leather thong, while he was kneeling on the ground defenseless with his back toward you, you further kicked another officer in the groin with shoes containing heavy four inch wooden soles. It required the additional help of a civilian to have you handcuffed; and this occurred only upon the officer's direction that you were under arrest and to enter a motor vehicle. Now, if you had reflected, and I believe it was your duty to so reflect, before you attacked the officers, you would have realized your conduct could have threatened serious bodily harm. As your boyfriend's continued act of resisting the officers brought on their conduct, you should have had no provocation, as there had been nothing done by the officers which was directed toward you, or what you could reasonably have considered to have been excesses in their treatment of him. I am, therefore, of the belief that if this occurred upon such a simple event as Mr. Manuel's being stopped for a traffic violation, it could occur again.

I find nothing in the facts of the case which would excuse or justify your conduct, and, as I have stated before, I believe the jury was of the same opinion. The victims were merely doing their duty as law enforcement officers, and you, as a matter of fact, were interfering with the execution of that duty. The injury here was not solely to the officers, who fortunately suffered no broken bones, although one was personally of the opinion that the

kick in the groin had contributed to the incapacity he now has as a result of an earlier injury, but, to society itself. It has been said that order is Heaven's first law, and all society suffers when order fails. This incident occurred in the very center of the borough of Lewisburg. It was a confrontation that involved not only physical violence to the officers, but was attended by the loud use of vile language toward them. A sizeable group of people were attracted to the scene because of the loud and vile language. Lewisburg is a University town, the home of Bucknell University, which institution brings 3,000 youths into the borough each year. Order and the respect for law enforcement is an integral part of this community's stability.

I, of course, know not whether you will commit this act again. There is no criminal record of impropriety since this offense. As I have said, the occasion which gave rise to your conduct was such a common event that I have serious doubt. And, you have done nothing to change your position as I view it. You remain substantially gainfully unemployed and an unproductive member of society. The record does not disclose a single act wherein you have been truly supportive of the society in which you live.

You made no expression of remorse at the scene or thereafter, and not until you came before this court for sentencing. Not one. There, your counsel suggested your appearance at the trial was one of remorse. I didn't see it that way. Therefore I cannot make a judgment about your ability to respond affirmatively to probationary treatment. Further the history of probation already clearly indicates that you can rehabilitate no one who does not want to be rehabilitated. As Immanuel Kant philosophized, "Legal punishment . . . never can be inflicted on a criminal himself or for civil society . . . for man may never be used just as a means to the ends of another."

Thus, I find the only compelling reason to order probation is your lack of a prior criminal record. Weighing against this would be the consideration of retribution. This word, of course, does not appear in the legislation. As close as the legislation ever comes to the use or the meaning of the word, outside of the actual penalties provided for in the criminal code, is as provided in Title 18 Pa. C.S.A. Section 1325(3) (Supp. 1977), which your lawyer has already quoted. It states:

"The Court shall impose a sentence of total confinement if:

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant."

The defendant's crime, if it had not been committed against a law enforcement officer, would have been simple assault. And I can tell you right now, Miss Kostka, if that had been the only ingredient here, I would have no problem whatsoever in placing you on probation, because I would say the scales would weigh heavily in your favor. However, the very fact that the same act, if committed, is committed against a law enforcement officer, this elevates the offense to aggravated assault, a misdemeanor of the first degree with a maximum sentence of 5 years imprisonment, and a maximum fine of $10,000.00 Clearly the Legislature rightfully considers this a serious offense. Serious enough to classify it one step beneath a felony violation. And I believe it is so considered as a serious offense because it is an offense against order.

The suggestion, therefore, is that retribution becomes a very important consideration in determining whether to impose a sentence or probation. Retribution makes the law credible and acts as a deterrent on others. I am aware that there are those who say retribution is the doctrine of legal revenge. But this is absurd. Revenge occurs when there is neither law nor justice. Retribution is imposed by a court after an accused has been found guilty, and must be imposed within the guidelines as prescribed by the law in proportion to the gravity of the offense.

And in these circumstances, I am of the opinion, that although your attitude now is one of remorse and would suggest that you could comply with a probationary program, I am at a loss to know what program would suit this case and be assured that it would have any meaning to you or society. Although I doubt your sincerity, I know you to be in no wise a hardened criminal. Nor do I consider you to be one who is in need of any kind of rehabilitation. You have been living alone. You are now living with your parents. But certainly since high school, that was in 1973, this would be five years ago in June, so four and one–half years you have been on your own. I don't see that confinement would entail any excessive hardship on your part. I do believe that in this instance the weight of justice demands retribution, and therefore, I impose the following sentence: AND NOW, this 30th day of January, 1978, the defendant Rose L. Kostka, is sentenced to pay the costs of prosecution, and to undergo imprisonment in the Union County Jail for a period of not less that six (6) months nor more than twenty–three (23) months.

(N.T. 15 thru 20).

Appellant contends that the sentence imposed was in violation of the standards set forth in the Pennsylvania sentencing code.

■ Imposition of a proper sentence under the Sentencing Code, 18 Pa. C.S.A. Section 1301, et seq. is a matter vested in the sound discretion of the trial court whose determination is to be respected unless it is a manifest abuse of discretion. *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978).

Aggravated assault under 18 Pa. C.S.A. 2702(a)(3) constitutes a misdemeanor of the first degree punishable by up to five years incarceration. The sentence of 6 to 23 months was well within the legal limit.

■ However, a sentence may be set aside even where it is within the statutory guidelines, where appropriate reasons for the sentence do not appear on the record. *Common-*

*wealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Middleton,* 242 Pa.Super. 421, 364 A.2d 342 (1976). Our authority to review sentences is based upon Section 8, Paragraph 8 of the Act of June 24, 1895, P.L. 212, 17 P.S. Section 192 as amended by No. 6, Section 1 [509(a)(33)] of the Act of June 3, 1971, P.L. 122, wherein we are granted authority to affirm, revise, amend or modify any order, judgment, or decree.

The alternatives in sentencing are set forth in 18 Pa. C.S.A. Section 1321 as follows:

"(a) General rule–In determining the sentence to be imposed the court shall, except where a mandatory minimum sentence is otherwise provided by law, consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation

(2) A determination of guilt without further penalty

(3) Partial confinement

(4) Total confinement

(5) A fine

(b) General standards–In selecting from the alternatives set forth in subsection (a) of this section the court shall follow the general principle that the sentence imposed should call for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant."

The guidelines to be followed in considering a sentence of probation are set forth in 18 Pa. C.S.A. Section 1322 as follows:

"Order of Probation"

The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm;

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm;

(3) The defendant acted under a strong provocation;

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense;

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission;

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;

(7) The defendant has no history of prior delinquency or criminal activity or has led a law–abiding life for a substantial period of time before the commission of the present crime;

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur;

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;

(10) The defendant is particularly likely to respond affirmatively to probationary treatment;

(11) The confinement of the defendant would entail excessive hardship to him or his dependents;

(12) Such other grounds as indicate the desirability of probation.

The court should also consider the particular circumstances of the offense, the character of the defendant, and should consult the presentence report. *Commonwealth v. Kaminski*, 244 Pa.Super. 388, 368 A.2d 776 (1976); *Commonwealth v. Martin*, supra; *Commonwealth v. Kostka*, supra.

The appropriate guidelines for imposition of a sentence of total confinement are set forth in 18 Pa. C.S.A. Section 1325 as follows:

"Total Confinement"

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime

and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

    (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

    (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

    (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

We note that the legislature has mandated that one of these criteria must be the reason for incarceration as opposed to consideration of the aforementioned criteria for imposition of probation, which do not limit the discretion of the trial court.

■ Our Supreme Court has held that in determining whether a trial court considered only permissible factors in sentencing a defendant, we must review all of the judges' comments. It is sufficient to render a sentence invalid, if it reasonably appears from the record that the trial court relied in whole or in part on an impermissible factor. Only the aforementioned guidelines should be considered. *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977).

■ Appellant was eighteen years of age at the time of this incident with no prior record, either adult or juvenile. The record indicates she was a quiet, honest, law abiding citizen prior to this incident and had no further criminal involvement from April 28, 1975 to January 30, 1978, the date of the second sentencing. The presentence and supplemental presentence reports indicate that she does not exhibit criminalistic traits nor does she have any involvement with drugs or alcohol. She was attending a community college at the time of the incident. Appellant was indicted under subsections (a)(2) and (a)(3) of 18 Pa. C.S.A. Section 2702 which read as follows:

"(a) Offense defined—A person is guilty of aggravated assault if he:

* * *

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a lawful arrest;

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest."

However, the jury convicted appellant only of subsection 3, a misdemeanor, clearly a finding of fact that there was neither serious bodily injury nor any attempt to cause serious bodily injury.

Appellant had offered to accept responsibility for her actions by pleading guilty to this same misdemeanor assault charge but the Commonwealth elected to go to trial on both charges. Furthermore, a careful review of the record indicates a showing of remorse by the appellant during her testimony at trial.

The trial court, while giving some consideration to the proper guidelines, then imposed sentence based upon an impermissible factor as indicated by the following comments:

"Thus, I find the only compelling reason to order probation is your lack of a prior criminal record. Weighing against this would be the consideration of retribution. This word, of course, does not appear in the legislation. As close as the legislation ever comes to the use or the meaning of the word, outside of the actual penalties provided for in the criminal code, is as provided in Title 18 Pa. C.S.A., Section 1325(3) (Supp. 1977) which your lawyer has already quoted. It states: 'The Court shall impose a sentence of total confinement if: (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.' "

"The suggestion, therefore, is that retribution becomes a very important consideration in determining whether to impose a sentence or probation. Retribution makes the

law credible and acts as a deterrent on others. I am aware that there are those who say retribution is the doctrine of legal revenge. But this is absurd. Revenge occurs when there is neither law nor justice. Retribution is imposed by a court after an accused has been found guilty, and must be imposed within the guidelines as prescribed by the law in proportion to the gravity of the offense."

The trial court indicated he knew appellant was not a hardened criminal, nor did she require any kind of rehabilitation. He then sentenced appellant stating, "I do believe that in this instance the weight of justice demands retribution, and therefore, I impose the following sentence:"

Appellant contends that although retribution is not part of the statutory criteria for sentencing, as admitted by the trial court in his comments, he nevertheless sentenced appellant based upon his own belief of the value of retribution. We agree and therefore hold that the sentence as imposed is invalid. *Commonwealth v. Bethea,* supra.

As set forth above, this case has been before this Court prior hereto. We affirmed per curiam. Our Supreme Court then vacated the sentence and remanded for resentencing, *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977). A studied review of that Opinion leads to the conclusion that the Supreme Court was suggesting to the trial court that, in view of all of the circumstances, probation would have been the appropriate sentence. However, they did not so state.

The record indicates that the appellant's case is not within the purview of any of the three reasons calling for total confinement as set forth in 18 Pa. C.S.A. 1325, supra.

Judgment of sentence is vacated and case remanded for resentencing.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I join in the opinion for the court, and offer this concurring opinion only to direct attention to two aspects of this

case that, in addition to those commented upon in the opinion for the court, are important both to our decision here and to the law of sentencing in general.

In *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979), this court summarized the responsibilities of a judge when imposing sentence. The first responsibility of the sentencing judge is a fact–finding responsibility; the judge must be sure that he has before him "sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Commonwealth v. Doyle*, 275 Pa.Super. 373, 381, 418 A.2d 1336, 1340 (1979), *citing Commonwealth v. Wicks, supra.* The second responsibility of the sentencing judge is an application–and–explanation responsibility; the judge must apply to the information he has gathered the statutory guidelines specified in the Sentencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1321 *et seq.* (Supp.1977), and then explain on the record how that application has resulted in the sentence imposed. *Commonwealth v. Doyle, supra,* 275 Pa.Super. at 383, 418 A.2d at 1341. *See Commonwealth v. Farrar*, 271 Pa.Super. 435, 447–453, 413 A.2d 1094, 1101–1104 (1979) (discussing two major responsibilities of the sentencing judge). The first aspect of the present case to which I wish to direct attention concerns the sentencing judge's fact–finding responsibility, the second aspect, the judge's application–and–explanation responsibility.

–1–

It is apparent from the testimony at trial, the presentence report, and the transcript of the sentencing hearing, that here the sentencing judge had sufficient information concerning the circumstances of the offense and the character of appellant. Thus it would seem that the judge fulfilled one part of his fact–finding responsibility, gathering sufficient information. However, as part of his fact–finding responsibility, the sentencing judge also has a duty to abide by the facts he has gathered, and with respect to that part of his responsibility the sentencing judge here erred.

510

During the sentencing proceeding, the judge stated: "You have done nothing to change your position as I view it. You remain substantially gainfully unemployed and an unproductive member of society. The record does not disclose a single act wherein you have been truly supportive of the society in which you live." N.T. Sentencing, Jan. 30, 1978, at 17. This statement was inconsistent with the facts gathered by the judge, which were as follows. Appellant was employed as a waitress at the Nexus Vegetarian Cafe–Art Studio. She was an art student at the time of her trial. While she was paid very little for her work as a waitress, she apparently used her employment at the cafe as a means of exhibiting her art works. Indeed, the record indicates that she had sold several art works.

The opinion for the court properly cites the sentencing judge's inaccurate statement that appellant had not shown remorse. I believe that the judge's statements regarding appellant's employment represent an equally (if not more) serious failure to abide by the facts that had been gathered. A struggling artist is not an "unproductive member of society," to be condemned as not "truly supportive of the society in which you live." Furthermore, a person like appellant, awaiting sentence and therefore subject to the possibility of being sent to prison, may well be unable to find gainful or productive employment. The facts gathered by the sentencing judge cannot "enable him to make a determination of the . . . character of the defendant" unless the judge considers them in the context of the defendant's situation.

–2–

In discharging his application–and–explanation responsibility, the sentencing judge committed three errors. One of these errors is identified in the opinion for the court: instead of applying the statutory guidelines specified in the Sentencing Code, the judge applied a concept of "retribution." One may grant, and even urge, that a sentence may in one of its aspects constitute punishment for having committed a crime. The guidelines specified in the Sentencing

Code do not forbid the judge, in determining what sentence to impose, from considering that the sentence will impose punishment. What the Code requires is that the judge must consider the facts he has found from a variety of perspectives. Thus, the judge is not to consider only what sentence, given the defendant's criminal conduct, would represent appropriate punishment, but also such matters as whether the defendant "is particularly likely to respond affirmatively to probationary treatment," 18 Pa.C.S. § 1322(10) (Supp. 1977), and whether "confinement of the defendant would entail excessive hardship to . . . his [dependents]," 18 Pa.C.S. § 1322(11) (Supp.1977). "Retribution" may be understood as implying vengeance, or as exacting an eye for an eye, and as the opinion for the court emphasizes, the Sentencing Code forbids the judge from basing his sentence on any such considerations. *Cf. Commonwealth v. Doyle, supra,* 275 Pa.Super. at 385, 418 A.2d at 1344 (judge's use of word "punishment" did not mean "vengeance"). The other two errors, to which I wish to direct particular attention, were as follows:

First: When a sentence is vacated and the case remanded for resentencing, the sentencing judge should start afresh. Here, on remand the sentencing judge merely attempted to justify his original sentence.

It is settled that the sentencing judge should impose "the *minimum* sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Wicks, supra* (emphasis added). Had the judge taken a fresh view of the facts that had been gathered, it would have been apparent from consideration of appellant's age, record, and the circumstances of the offense that probation, as the minimum sentence, was indicated.

Second: A statement of reasons for a sentence cannot be sufficient when it is no more than a legal conclusion. Here, the statement of reasons was a mere conclusion, unsupported, if not contradicted, by the facts on record.

In rejecting probation, as the minimum sentence, and in choosing total confinement, the maximum sentence, the

judge stated that he feared that a sentence of less than total confinement would depreciate the seriousness of the offense. Why he had concluded that the seriousness of the offense would be depreciated he did not say. Moreover, he admitted that he did not know—and he cited no reason to believe—that appellant was likely to commit another crime. While section 1325 of the Sentencing Code recognizes that there will be cases in which a lesser sentence will depreciate the seriousness of the offense, the sentencing judge must still explain why in a particular case that would be so. As this court stated in *Commonwealth v. Farrar, supra,* 271 Pa.Super. at 452, 413 A.2d at 1103:

> Upon imposing a sentence of total confinement, the sentencing judge must do more than merely echo one of these requirements. "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Coolidge v. New Hampshire,* 403 U.S. 443, 461 [91 S.Ct. 2022, 2035, 29 L.Ed.2d 564] (1971). So with the Sentencing Code. The responsibilities it imposes on the sentencing judge do not fade away and disappear upon utterance of the formula that "a lesser sentence would depreciate the seriousness of the crime." The judge must state, with reference to the record, why he believes that would be so. Only thus will the "appellate courts [be enabled] to ascertain whether the sentence imposed was based upon accurate, sufficient and proper information." *Commonwealth v. Riggins, supra* [474 Pa.] at 131, 377 A.2d at 148.

Here the judge's conclusion that a sentence of less than total confinement would depreciate the seriousness of the offense is not supported by the record. The facts as found by the jury are that appellant's intent was not to cause serious injury. Without question, her conduct was unwarranted, and constituted a crime. Still, she went to the aid of her friend. Furthermore, she did show remorse for what she had done, and nothing in the record suggested that she was likely to commit another crime.

For the additional reasons expressed in this opinion, I join the opinion for the court, and concur with it that upon

remand, the sentencing judge should impose no greater sentence than probation.